NEW-YORK,
May, 1829.

Cook
v.
Tuttle.

COOK *vs.* TUTTLE.

MOTION to set aside proceedings for irregularity. The capias in this cause was returnable on the first day of the last February term, viz. the *sixteenth* of the month. It was bailable process, but the defendant endorsed his appearance. On the *seventeenth* a declaration was filed *de bene esse*, rule to plead entered, and notice affixed in the clerk's office. On the *tenth* day of March the defendant's default was entered, and notice of inquiry given for the *nineteenth* day of March, when a writ of inquiry was executed, rules for interlocutory judgment and inquiry having been entered on the sixteenth. On the *twentieth* day of March the writ of inquiry and inquisition were filed, and rule for judgment entered. On the *twenty-first* day of March the court adjourned.

A motion was made to set aside the proceedings for irregularity, on the grounds that the declaration having been filed *de bene esse*, the plaintiff could not subsequently waive such demand of bail, and rely upon the appearance endorsed on the writ; and that the writ of inquiry being returnable after the second week of term, it was void.

*O. P. Granger*, for defendant.

*J. S. Spencer*, for plaintiff.

*By the court*, MARCY, J. The defendant having endorsed his appearance on the capias, although bailable process, was regularly in court, and the plaintiff had a right to take a default against him. The endorsement of *de bene esse* on the declaration did not destroy that right; nor was the plaintiff irregular in suing out a writ of inquiry, and making it returnable after the second week of term. The process prohibited by the statute from being sued out or made returnable after the second week of term, is process against the person or property of a party, not a writ of this kind, which is but a warrant to the sheriff to assess the damages, and is no more

*Where the appearance of a defendant is endorsed on bailable process, the plaintiff, at the expiration of the rule to plead, may enter the defendant's default, altho' the declaration be filed de bene esse.*

*A writ of inquiry of damages may be tested and made returnable after the second week in term.*

<div style="float:left">NEW-YORK,<br>May, 1829.<br><br>Van Rensse-<br>laer<br>v.<br>Douglass.</div>

process within the meaning of the statute, than a rule for assessment of damages by the clerk. The proceedings, therefore, are not irregular; but as the defendant claims to have a defence, he is permitted to plead on payment of costs, the judgment to stand as security, it appearing that if it be set aside the plaintiff will be in danger of losing his debt.