By the Court, Bronson, J.
The 63d rule does not apply to a case like this. We cannot allow an attorney to disregard his verbal agreement and thus set aside a judgment where there is no pretence of a defence on the merits. As the defendant refused to perform the condition on which the cognovit was received, the plaintiff was at liberty to treat the arrangement as at an end and proceed to judgment on the inquisition.
It has been said that writs of inquiry of damages are not process within the statute relating to the testes and return of process. (Cook v. Tuttle, 2 Wendell, 289.) Still, according to the former practice, such writs have always been tested and made returnable in term time, and judgment could not be entered until the return day of the writ. The theory was, that the judgment was actually pronoun-, ced by the court on the coming in of the writ and- inquisition. But this fiction has been entirely overthrown by the statute which provides that judgments may be entered and *629 perfected in vacation. (Stat. 1840, p. 334, § 23.) To give full effect to this statute we must either permit writs of inquiry to be made returnable in vacation, or allow the judgment to be entered before the return day of the writ. We see no solid objection to either course, and this judgment is consequently regular.
Motion denied.