B. H. DAVIS and others, petitioners, *vs.* BANGOR & PISCATAQUIS RAILROAD COMPANY.

*Sheriff's jury—mode of impanelling.*

In impanelling a sheriff's jury, summoned to assess damages for land taken for the location of a railroad, the parties are not entitled to have the names of all the jurors summoned placed separately in a box, and the jury drawn in accordance with the provisions of R. S., c. 82, § 66.

Nor have they the right peremptorily to challenge two jurors.

ON EXCEPTIONS AND MOTION.

ON petition for increase of damages assessed against the respondents by the county commissioners, for land of the petitioners taken by the respondents for the location of their road, and for a jury, on appeal, to estimate the damages.

The jurors summoned duly appeared on Jan. 24, 1872. Before they were sworn, the respondents moved that the names of all the jurors summoned be placed separately upon tickets in a box, and drawn and impanelled in the manner provided in R. S., c. 82, § 66; and that they be allowed to peremptorily challenge two jurors. But the presiding officer, S. D. Lindsey, Esq., ruled, as matter of law, that the respondents were not entitled to have the names placed thus on tickets, and drawn as moved, and that they

were not entitled to two peremptory challenges. Thereupon the jury were duly impanelled.

It was admitted that the railroad company had duly proceeded in the taking of the petitioners' land, and that the title thereof was in the petitioners.

Upon request of the parties, the presiding officer stated to them the instructions he should give the jury in matters of law, which were the same as in *Bangor & Piscataquis R. R. Co.* v. *McComb*, *ante*. The presiding officer also declined to give the requested instructions as in the above-named case.

It was thereupon agreed by the parties that the jury, under the instructions, should return a verdict, *pro forma*, for seven hundred and fifty dollars, as the damages sustained by said petitioners by the location and construction of their railroad over their land, and a verdict was so made and signed by said jurors.

The respondents alleged exceptions to the rulings and refusals to instruct, and moved to set aside the verdict for the same reasons as in the case *ante*.

At the February term, 1872, upon motion to set aside the verdict for excessive damages, the presiding judge ruled as in the preceding case.

*Lebroke & Hudson*, for the respondents.

*J. Crosby,* for the petitioners.

KENT, J. All the questions, except one, arising in this case have been considered and decided in the case of the *Petitioners* v. *William McComb*, *ante*.

The question remaining has reference to the impanelling of the sheriff's jury. The respondents claimed that the names of the jurors summoned should be placed separately in a box and be drawn and the jury impanelled according to the provisions of R. S., c. 82, § 66, and also claimed a right peremptorily to challenge two jurors.

We think it is very clear that it was not the intention of the

legislature that these provisions of the recent statute should apply to sheriffs' juries, drawn as this one was for a special case and purpose.

No right of challenge is given in the act under which this jury was drawn. The provisions of c. 82, § 66, are in terms applicable only to civil and criminal cases pending in a judicial court. The object plainly is to give a party to such suit, so pending, a right to have a jury of twelve, selected by lot from at least two full panels, or from all the jurors in attendance not otherwise engaged.

The names of all such jurors are to be placed separately in a box, and the clerk of the court is to draw the names of a sufficient number to fill the panel, after the whole have been thoroughly mixed.

Only twelve jurors can be summoned by the sheriff for his jury. It would be simply absurd to place these names only in a box, and then after thoroughly mixing them draw the same twelve names to constitute the jury.

The names are to be drawn by the clerk. The sheriff or person presiding has no such officer under him.

The right to challenge peremptorily two jurors is only given in connection with proceedings under c. 82, before referred to.

The same entry must be made in this as in the other case.

> *All the exceptions before us are overruled.*
> *Motion overruled. Judgment to be rendered on the accepted verdict of the jury.*

APPLETON, C. J.; CUTTING, WALTON, and BARROWS, JJ., concurred.