# Brown *v.* Rome & Decatur Railroad Company.

*Statutory Proceedings for Condemnation of Right of Way.*

1. *Condemnation of lands for right of way; sufficiency of petition, as against infants.*—Under the general statutes regulating proceedings for the condemnation of lands by a railroad company (Code, 1876, §§ 1830–33, 3580–98), if the owners of the land are infants, the petition must allege an unsuccessful attempt to purchase the right of way from their guardian or trustee, or the fact that they have none; but, under the amended charter of the Rome & Decatur Railroad Company (Sess. Acts 1884–5, p. 223, § 6), such an averment is not required.

2. *Same; width of land condemned.*—The lands which may be condemned by statutory proceedings by a railroad company, for right of way, can not exceed one hundred feet in width, though a wider strip may be condemned for other purposes, specified in the statute; yet, where the purpose is to condemn additional lands for any of these special purposes, the petition must allege that purpose, and the lands sought to be condemned must be particularly described, so that they may be certainly located.

3. *Same; decree for damages, or compensation.*—When the lands of infants are condemned for a right of way, the decree should not order the damages, or compensation money, to be paid to their guardian *ad litem;* but it should be kept in the court until a guardian is appointed for them, or until some other person legally authorized appears to claim it.

4. *Same; peremptory challenge of jurors.*—The right to challenge jurors peremptorily exists only when given by statute, and it is not given by the statute regulating proceedings for the condemnation of lands by a railroad company.

APPEAL from the Probate Court of Cherokee.

Tried before the Hon. ROBERT R. SAVAGE.

In the matter of the petition of the Rome & Decatur Railroad Co., seeking to condemn a right of way through certain lands therein particularly described. The petition was filed on the 11th May, 1887, and sought to condemn a right of way through the lands of several persons, and, among them, "through the lands of Willie B. Brown, wife of John Brown, Mollie McElrath, Lula McElrath, Thos. C. McElrath, Wm. S. McElrath, Richard N. McElrath, and Pearl A. McElrath, children of Thos. P. McElrath, tenants in common of the N. E. ¼, sec. 36, township 9, range 9, east, for the distance of 2660 feet through the south half of said north-east quarter, as shown by Exhibit B. hereto attached; to be 200 feet wide for 1800 feet, and 66 feet wide for 860 feet." The pe-

[Brown v. Rome & Decatur Railroad Company.]

tition alleged the infancy of these several defendants, and their residence with their father, and prayed the appointment of a guardian *ad litem* to represent their interests; and it contained the further allegation, "that your petitioners have not agreed with the owners, or persons authorized to control the same, for the purchase of said lands over which said railroad will pass, and for which the right of way is claimed."

Thos. P. McElrath having been appointed guardian *ad litem* for his minor children, he accepted the appointment, and demurred to the petition, on the grounds, with others, "that said petition fails to show that said minors have any guardian, as required by law;" and that the petition sought to condemn more land than was authorized by law. The court overruled the demurrer, and proceeded to organize a jury for the trial of the issues presented. The guardian *ad litem* "offered to challenge one of said jurors peremptorily," and excepted to the refusal of the court to allow him to do so. The jury returned a verdict, assessing the damages to said infants, or compensation money, at $105.41; and the court thereupon rendered judgment for that amount in favor of the guardian *ad litem*, for the use and benefit of said minors.

The assignments of error embrace all the rulings above stated, with others which require no special notice.

MATTHEWS & DANIEL, for appellant.

WALDEN & SON, *contra.*

STONE, C. J.—The present record presents for review only that part of the Probate Court proceedings which affects the interests of Thomas P. McElrath's children. The proceeding was instituted by the railroad company, to obtain condemnation of certain interests in real estate, for the use of the railroad company, and is governed by Article 2, Chap. 17, Title 2, Part 3 of the Code of 1876, commencing with section 3580, and by the act to amend the charter of the Rome & Decatur Railroad Company, approved December 9, 1884.—Sess. Acts, 223. "The authority given by the statute to railroad companies, to take the lands of individuals by compulsion, must be exercised strictly in conformity to the terms of their charters, and the general laws defining their powers."—5 Wait's Ac. & Def. 284, 286; *Sharp v.*

[Brown v. Rome & Decatur Railroad Company.]

*Johnson*, 40 Amer. Dec. 259, and note; Redf. Railways, § 64; Pierce, Railroads, 170, 494; Mills Em. Dom. § 92; *Chandler v. Hanna*, 73 Ala. 390.

The proceedings in the present case were instituted and concluded before the Code of 1886 went into effect. It is therefore governed by the Code of 1876, and by the amended charter of the railroad company.—Sess. Acts 1884-5, p. 223.

The petition refers to certain exhibits, and makes them part of it. These exhibits are not found in the record before us. Possibly they would answer some of the objections to the sufficiency of the petition, which counsel rely on. If this could be true of all the objections, it might cast on us the duty of having the record made complete, before we announce our judgment. We find some imperfections, however, which the exhibits could not heal, and which render a reversal inevitable. A *certiorari* could accomplish no good result, and we will not order it.

One objection urged to the petition is, that it should have averred that the owners of the land, being infants, were without guardians, and without trustees; or, that it should have averred that an offer and attempt had been made to purchase such right of way from the guardian or trustee, and that they could not agree on the damages. In the absence of the amendatory act of incorporation (Sess. Acts 1884-5, p. 223), this position would appear to be well taken.—Code of 1876, § 1832; Mills Em. Dom. § 105.

The amendatory act, section 6, changes the rule as to the Rome & Decatur Railroad Company. Its language is: "That if the owner or owners of the lands which may be required for the uses and purposes in this act mentioned, can not agree with said corporation on the value of the damages, or in case such owner is an infant, non-resident, or *non compos mentis*, such value or damages shall be ascertained in the manner directed by the general laws of the State of Alabama in such cases made and provided." Under this statute, we hold that, when the owner of the lands is a minor, even though he has a guardian or trustee, no previous attempt to agree on the damages need be shown, either in the petition or proof. There is nothing in this objection.

A second objection to the proceedings is, that both in the petition and in the order, the right of way petitioned for and condemned is more than one hundred feet wide. The right to condemn for "right of way," under the general law (Code of 1876, § 1830), is limited to "a strip, tract or parcel of

land, not exceeding one hundred feet in width." So, under the amendatory charter, Sess. Acts 1884-5, p. 224, the width is likewise limited. "Not exceeding one hundred feet in width," is its language. We do not deny that equally under the general law (Code, 1876, § 1830, subdivisions 2 and 3), and under the amendatory statute (§ 5), the railroad corporation may acquire an easement in lands, beyond the one hundred feet in width, for any of the purposes therein enumerated. We need not state or repeat the purposes here. They are expressed in the statutes. When, however, it is desired to obtain a strip broader than one hundred feet, the petition must state the purpose for which the extra condemnation is sought; and it must be one or more of the purposes for which the statute makes provision. Such extra condemnation can not be awarded, under a petition which prays only for a right of way.

The petition in the present case is defective, in that it does not specify the purpose for which the easement was prayed in excess of the one hundred feet. It should also describe the portion of the line, at which the excess of width is sought. This can be done, by furnishing an initial point, with such description, that a surveyor can fix it with certainty. When, as in this case, the strip condemned is not of equal width entirely across any particular tract, or holding, it must not be left in uncertainty at what point the widened strip will fall. The proceeding must individualize, and furnish the means of certainly locating the *situs* and extent of the condemnation.

The lands of the appellants, through which the right of way was sought and obtained, are described as "N. E. ¼, Sec. 36, T. 9, R. 9, East." The description in the decree of condemnation is, "for the distance of 2660 feet through the S. ½ of N. E. ¼ Sec. 36, T. 9, R. 9, E., as shown by exhibit B, hereto attached, to be 200 feet wide for 1800 feet, and 66 feet wide for 860 feet." As we have said, the exhibit is not in the record, and we can not know what it discloses. It may show the point at which the wider strip commences. The present record does not.

The decree should not have ordered the damages, or condemnation money, to be paid to the guardian *ad litem*. It should be kept in the court, until a guardian was appointed, or some other person legally authorized appeared to claim it.

The statutes under which these proceedings were had, make no provision for peremptory challenge of jurors.

Unless given by statute, no such right exists.—*Convers v. G. R. & Ind. R. R. Co.*, 18 Mich. 459; *Penn. Railway Co. v. Howard*, 20 *Ib.* 18; *Davis v. P. & B. R. R. Co.*, 60 Me. 303. Only challenges for cause should be allowed, in cases like the present.

Reversed and remanded.