# *Ex parte* The State, *ex rel.* Brooks.

*Petition for Prohibition to Circuit Judge, in Matter of Habeas Corpus.*

*Jurisdiction of circuit judge, in matter of habeas corpus.* — A circuit judge has jurisdiction to grant a *habeas corpus*, on behalf of a person restrained of his liberty; and although he would have no power to discharge the prisoner, if it appeared on the hearing that he was confined under the judgment or sentence of a court of competent jurisdiction, and an order of discharge by him would be void, yet this court will not presume, in advance of the hearing, that he will render an improper decision, nor restrain his action by prohibition.

APPLICATION by petition, in the name of the State of Alabama, on the relation of A. L. Brooks, the solicitor of Macon county, for a writ of prohibition, or other proper writ or process, to restrain the Hon. L. B. STRANGE, the judge of the ninth judicial circuit, from proceeding in the hearing and determination of a writ of *habeas corpus*, sued out before him by one Jim Lowe on behalf of Edward Brown. The motion is not entered on the docket, and none of the papers submitted have come to the reporter's hands.

[Ex parte State.]

PETERS, C. J. — The application for the writ of prohibition must be denied. The petition for the writ of *habeas corpus* seems to be regular. It shows that Brown was " restrained of his liberty in this State ; " and the name of the person restraining him, the place where he is restrained, and all the other necessary facts are stated. Rev. Code, §§ 4260, 4262. Upon this application, it was the duty of the circuit judge to issue a writ of *habeas corpus*, as he did, commanding the person restrained to be brought before him, at a proper time and place, " to do and receive what shall then and there be considered concerning him." Rev. Code, § 4267. This has all been properly done, and the learned judge by whom the writ was granted is proceeding to hear the application on the return of the writ. On the facts stated in the petition for the writ, the judge of the ninth judicial circuit is most clearly clothed with the amplest authority to issue the writ for the discharge of Brown, if the facts, on the return and hearing, should justify his discharge ; and if not, then to remand him to the confinement or restraint of which he complains. Rev. Code, tit. *Habeas Corpus*, pp. 785–90. Prohibition is only granted where an officer usurps jurisdiction not authorized by law. Here, the jurisdiction of the circuit judge is undoubted ; and this court cannot anticipate that he will make a wrong inquiry, or render an improper or illegal order of discharge.

It may be proper to add, that Brown should not be discharged, unless his confinement is wholly without authority of law. If his confinement is merely erroneous, his remedy is by appeal, or *certiorari*.              The application is refused.

BRICKELL, J. — Judge SAFFOLD and myself concur in the refusal of the prohibition ; but we think the case requires us to say, that if it should appear, on the hearing of the *habeas corpus*, that the prisoner is restrained under the judgment of a court of competent jurisdiction, he should not be discharged ; and if discharged, the order discharging him would be void, and would offer no obstacle to his rearrest and confinement.