[Ex parte Hamilton.]

## Ex parte Hamilton.

*Petition for Prohibition to Chancellor, to restrain Proceedings under Injunction in Matter of Contested Election, and under Attachment for Contempt.*

*When prohibition lies not to chancellor.* — This court will not award a writ of prohibition to the chancellor, at the instance of a defendant in a pending suit, to restrain action under a bill for injunction in the matter of a contested election, and under an attachment for contempt in violating the injunction, on the ground that the chancery court has no jurisdiction of the subject-matter of the bill, when it does not appear that the petitioner has ever answered the bill, or moved to dismiss it for want of equity, or sought relief in any other mode in the chancery court.

THE petitioner in this case, Thomas A. Hamilton, claiming that he was elected an alderman for the sixth ward in the city of Mobile, at the election for municipal officers held on the second Monday in December, 1873, and had received the proper certificate of election from the sheriff as returning officer, applied to this court for a writ of prohibition, or other appropriate writ" or process, directed to the Hon. ADAM C. FELDER, chancellor of the southern chancery division, presiding at Mobile, to restrain further proceedings in a cause pending in the chancery court at Mobile, wherein one James Gillette was plaintiff, and said Thomas A. Hamilton and Rufus Dane, the sheriff of Mobile county, were defendants. The bill in that case was filed on the 19th day of December, 1873, and prayed an injunction against said Hamilton, to restrain him from entering on the office of alderman of said ward by virtue of his certificate of election, or attempting in any manner to exercise the duties of said office ; and also against said Dane, as sheriff, to restrain him from delivering to the city clerk, or to any other person, the ballot-boxes containing the poll-lists and other evidences of the election, and require him to preserve them in his possession until the further order of the court. The bill alleged, that said James Gillette in fact received a plurality of the votes cast for alderman of said sixth ward at said election, and that the certificate of election in favor of Hamilton was founded on false and fraudulent returns, corruptly made by the inspectors of one of the city wards, conspiring with other persons who acted in the interest of Hamilton. The bill also alleged, as a ground for equitable relief, in addition to the charges of fraud, that there was no adequate legal remedy for contesting said election ; that the general law was inapplicable, and the provisions of the city charter on that subject were unconstitutional and void, as well as substantially defective. The prayer of the bill was, that the chancery court would " take jurisdiction of the whole matter,"

and that, on final hearing, the complainant might "be declared entitled to the said office of alderman of said ward, and installed in the said office for the term provided by law."

On the filing of said bill, the complainant being the register in chancery at Mobile, the chancellor appointed a special register in the cause, and ordered an injunction to issue as prayed; and an injunction was thereupon issued, and served on both of the defendants, together with a subpœna in the cause, on the 27th December, 1873. The petition for the writ of prohibition was filed in this court on the 5th day of January, 1874, and alleged, as ground of relief, that neither the chancery court, nor the chancellor, had any jurisdiction of the subject-matter of the bill; and that the complainant, before filing said bill, had instituted proceedings before the judge of the city court of Mobile to contest said election with said Hamilton, and had served notice in writing of the grounds of contest. The prayer of the petition was for a rule *nisi*, in the first instance, to show cause why a prohibition should not issue to restrain further proceedings in the cause; and to set aside as void the proceedings already had. On the 8th January, 1874, a supplemental petition was filed; which alleged that notice of the intention to file the original petition was served on the chancellor, and on said Gillette, on the 3d day of January, 1874; and that on the 5th day of January, 1874, the petitioner was served with a notice, issued by the special register in the cause, commanding him to appear before the said chancellor, in Montgomery, and show cause why he should not be attached for a contempt in violating the injunction in said cause; and the supplemental petition prayed that this proceeding also might be restrained and declared void.

P. HAMILTON and THOS. H. WATTS, for the petitioner. —
1. The power of this court to grant a prohibition to any inferior court or tribunal, when it proposes to act in a matter over which it has no jurisdiction, is undoubted. 23 Ala. 94; 25 Ala. 100; 29 Ala. 52; 47 Ala. 609; 3 Hill, N. Y. 367; 9 Sm. & Mar. 623; 4 Burr. 2037–8; Cowper, 42; 3 Tomlin's Law Dic. 245, citing 2 Modern, 273. If it appears on the face of the proceedings that the court has no jurisdiction whatever, there is no necessity to apply at all to that court. 2 Hurl. & C. 401; 38 Ala. 428, 443; 2 House of Lords Cases, 239, cited in 27 U. S. Digest, 507.

2. The bill shows on its face that the petitioner holds a certificate of election, issued by the proper officer. This is conclusive of his right and title to the office, unless contested in one of the modes provided by law; that is, by a proceeding under the provisions of the city charter, or by *quo warranto*

[Ex parte Hamilton.]

under sections 3082–90 of the Revised Code. 20 Wendell, 12; 17 Wendell, 81; 8 N. Y. 82; 27 N. Y. 55; 5 Hill, N. Y. 621; 16 Mich. 56; 35 Penn. St. 263; 47 Penn. St. 292; 56 Penn. St. 359; 17 Ohio St. 271; 13 Indiana, 548; 1 Brewster, 67. The only class of cases in which a court of chancery has any authority to interfere by injunction, in the matter of contested elections, is where the person holding the certificate of election needs its aid to prevent interference by others. Dillon on Municipal Corporations, 182, note, citing 43 Penn. St. 384; 47 Ib. 16, 292.

3. If the allegations of the bill be true, that it was the sheriff's duty to count and compare the votes, declare the result, and give certificates accordingly, and he failed to perform that duty, the complainant had an adequate remedy at law by *mandamus* against him. Moses on Mandamus, 15, 65, 82, 84, 112, 139, 146; 24 N. Y. 123; 3 How. 87; 24 Ala. 91; 36 Ala. 371; 17 Ala. 527; 20 Ala. 330, 592; 25 Ala. 72.

4. The provisions of the city charter are assailed as unconstitutional, because there is no express provision for a trial by jury in case of a contested election. But, evidently, whatever right to a trial by jury ever existed still " remains inviolate." Cooley on Constitutional Limitations, 410, note; 15 Mich. 324; 2 Speers, 767; 26 Ala. 165. If the law be unconstitutional, it cannot affect his right to a trial by jury. Besides, it is difficult to see how any defect of this kind in the law can be remedied in the chancery court, which is, perhaps, less prepared for jury trials than any other court.

5. The proceeding for contempt is void. The chancellor has no power, in vacation, to punish for an alleged contempt in the violation of an injunction. In the absence of statutory provisions, the power does not exist. *Gates* v. *McDaniel*, 3 Porter, 360; *Byrd* v. *McDaniel*, 26 Ala. 582; 49 Maine, 392. The power to punish for contempts is given to the court, and not to the judge; consequently, it can only be exercised by the court when in session. Rev. Code, §§ 637–39. The first rule of chancery practice does not purport to extend this power, and cannot have that effect. Moreover, the offence, if any, was committed in Mobile, and it cannot be punished in Montgomery.

PETERS, C. J. — This is an application for a writ of prohibition. The granting of such an application rests within the discretion of the court. It is not imperative. *Ex parte Morgan Smith*, 23 Ala. 94. Such a writ is only to be allowed, when its issuance is necessary to give a general superintendence and control of an inferior jurisdiction; and it is never to be resorted to, except in cases of usurpation or abuse of power,

[Ex parte Hamilton.]

and not then, unless other remedies are ineffectual to meet the exigencies of the case. And authorities are not wanting, which declare that this writ should not be issued, in any instance, until the party who complains of the abuse of power shall have first sought redress in the inferior tribunal, and has failed to obtain it. *Ex parte Greene & Graham*, 29 Ala. 52.

In this case, the petitioner disobeyed an injunction issued by the chancellor in a suit pending before him; and on being served with notice to appear and answer for his contempt in violating the injunction, he seeks to restrain the chancellor from proceeding in the process for contempt, without first answering the bill, or moving in the court in which the bill is pending to dissolve the injunction. It does not appear that either of these steps was taken in the chancery court, before the application here for an order to restrain the chancellor, nor that such motions would have been unavailing. Had there been a motion to dissolve the injunction on the coming in of the answer, or upon motion for want of equity, this would have afforded a sufficient remedy to the applicant if it appeared that he was entitled to relief; because it is not to be presumed that, if the bill was destitute of equity, the injunction would have been sustained; and if it should have been dissolved, it is equally certain that there would have been no need to resist it. Besides, a bill is subject to be amended until the cause is ready to be heard, and the injunction may be retained, and such amendment might have obviated the present objections to the bill. Rev. Code, §§ 3355, 3356 *et seq.; Bibb* v. *Shackelford*, 38 Ala. 611; *Boyd* v. *Anderson*, 2 John. Ch. R. 202. Though, sometimes, an injunction will be retained to abide the determination of the cause, where the injunction, as in this case, is the chief purpose of the remedy sought by the bill. As a general rule, then, it is the safer practice to refuse a party, in contempt for the violation of an injunction regularly issued, the aid of a writ of prohibition against the process for contempt for an alleged violation of such injunction, who has not appeared in the inferior court and submitted to the jurisdiction, by motion to dissolve the injunction, or to dismiss the bill for want of equity, or other defect of jurisdiction. There is an adequate remedy by such motions, which ought to be exhausted before a party can be allowed to defy the authority of the court by a contempt of its process regularly issued. A prohibition will not be allowed, until a party seeking it shows that he has sought to avail himself of the ordinary modes of relief incident to the cause, before he proceeds to set at defiance the process of the court. This has not been done in this case.         The application is, therefore, denied with costs.