# *Ex parte* Mobile & Ohio Railroad Co.

## *Application for Prohibition.*

1. *When prohibition lies.*—A writ of prohibition lies, not for the correction of errors in the exercise of a rightful jurisdiction by a court, but to prevent usurpation, or the exercise of powers beyond and outside of its lawful jurisdiction; and it is only awarded when there is no other appropriate and adequate remedy.

2. *Removal of cause into Federal court.*—When application is made for the removal of a cause from a State court into a Federal court, under the acts of Congress regulating the removal of causes, the jurisdiction of the former court does not cease on the filing of a petition and bond in proper form: the court must examine the petition, in connection with the cause to which it relates, and determine for itself whether a sufficient cause of removal is shown; and until it determines that sufficient cause is shown, its jurisdiction over the cause is not terminated.

3. *Same; remedy when refused.*—When the removal of a cause into the Federal court is sought, and is improperly refused by the State court in which the cause is pending, the party has an adequate remedy under the act of Congress of March 3, 1875, and is not entitled to a writ of prohibition, or other extraordinary writ from this court.

Application by petition, verified by affidavit, for a writ of prohibition, or other appropriate remedial writ, to the Circuit Court of Mobile, Hon. H. T. TOULMIN presiding, to restrain any further proceedings in a certain cause or suit, therein

lately instituted by the American Union Telegraph Company, a corporation chartered under the laws of Louisiana, to procure by the judgment of the court an easement for the erection of its poles and wires over and along the line of the Mobile and Ohio Railroad; to which cause or proceeding the said railroad company was made a defendant, and which it sought to remove into the Circuit Court of the United States, by petition under the acts of Congress. The proceeding by the telegraph company was instituted on the 31st May, 1880, and was set for hearing on the 14th June next. The petition of the railroad company, for the removal of the cause into the Circuit Court of the United States, was filed on the 12th June, and was accompanied with a bond conditioned as prescribed by the act of Congress. The telegraph company filed written objections to the removal of the proceeding, on the ground that it was not such a cause as was subject to removal. The court sustained that objection, and refused to order the removal as prayed; and the railroad company thereupon filed its petition in this court, to restrain any further proceedings in the cause by that court. On the filing of the petition in this court, a rule *nisi* was awarded; and answers thereto being filed by the presiding judge of the court, and also by the telegraph company, admitting the facts as stated, but denying the right to remove the proceedings, the case was submitted to this court for decision.

G. B. CLARK, and E. L. RUSSELL, for the petitioner, cited *Boom Company v. Patterson*, 8 Otto, 403; *Kolk v. United States*, 1 Otto, 375; *Gaines v. Fuentes*, 2 Otto, 10; 13 Wallace, 270; 20 Wallace, 445; 16 Peters, 97.

H. PILLANS, for the respondent, cited Mills on Eminent Domain, §§ 10, 11, 84, 85, 87; 1 Redf. Railways, 229; 6 Howard, 536; 16 Cal. 248; 8 Wendell, 85; 21 Wallace, 196; 2 Sumner, 345; 2 Otto, 21; 116 Mass. 125; 6 Wallace, 139; 18 Howard, 470; 45 Ind. 133; 9 Sm. & Mar. 623; 1 La. Ann. 696; 36 Barbour, 341; 11 Wisc. 51; *Ex parte Grimball*, 61 Ala. 403; High on Extra. Leg. Remedies, 771-2.

BRICKELL, C. J.—This is an application for a writ of prohibition, or other remedial writ, directed to the judge of the Circuit Court of Mobile county, commanding him to desist from further proceedings in a cause, which the petitioner had, under the act of Congress of March 3, 1875, taken the necessary steps to remove into the Circuit Court of the United States. The proposition of the relator—that which must be maintained, to authorize the issue of a writ

of prohibition—is, that having filed a petition, in proper form, accompanied with a bond conforming to the act of Congress, the sufficiency of which is not questioned, " the *rightful* jurisdiction of the Circuit Court ceased, *eo instanti*," and the court was bound to abstain from all further proceeding, and from all inquiry whether the cause was of the class which may be removed from a State to a Federal court.

A writ of prohibition will not lie, when a court has jurisdiction, and errs in its exercise. The writ lies, not for the correction of errors, but for the prevention of usurpation. " The object of prohibitions, in general, is," it is said in Bacon's Abridgment, " the preservation of the right of the king's crown and courts, and the ease and quiet of the subject. For it is the wisdom and policy of the law to suppose both best preserved when everything runs in its right channel, according to the original jurisdiction of every court ; for, by the same reason that one court might be allowed to encroach, another might; which could produce nothing but confusion and disorder in the administration of justice."—8 Bacon's Abr. 209. A party must be drawn *ad alium examen*, by a jurisdiction, or manner of process, disallowed by the laws of the land; or when, in handling matters clearly within their cognizance, the inferior courts transgress the grounds prescribed to them by the law.—2 Brick. Dig. 389, §§ 5-6.

Whether a State court has any power to refuse the removal of a cause under the act of March 3, 1875 ; whether it can pass upon the right, and whether any order of removal is necessary, or whether it is essential that the fact of removal should be entered on its record, are questions about which there is a conflict of opinion, and of decision. It is, doubtless, more in accordance with the regularity and propriety of judicial proceedings, that the fact of removal should be entered on the records of the court, that the disposition of the cause should be made apparent. It is no part of my province or duty now to consider or discuss these questions. In *Ex parte Grimball*, 61 Ala. 598 (in which I was not competent to sit), this court decided, that the jurisdiction of the State court is not terminated by the filing of the petition and bond for removal—that for itself the court must examine the petition, in connection with the cause to which it relates, and determine whether the right of removal exists. Until it is determined that the right exists, and that the petition and bond are in proper form, the jurisdiction of the court continues. Without expressing dissent from, or concurrence in this conclusion, it is now the law of this court ; and it follows that the Circuit Court was in the line of its jurisdiction, when it determined there was not a right to remove the cause

shown by the petitioner. That determination, if erroneous, must be revised by an appropriate remedy for the correction of errors.—High's Ex. Leg. Rem. § 771.

Again, a writ of prohibition can be awarded, only when there is no other appropriate and adequate remedy.—*Ex parte Greene & Graham*, 29 Ala. 52. Whatever may have been the conflict of opinion, and of decision, as to the power of Federal courts, under former acts of Congress, to resort to any compulsory process for removing causes from the State courts, is put at rest by the act of March 3, 1875. Express power is given to the Circuit Court of the United States to issue a writ of *certiorari* to the State court, commanding a return of the record. The refusal of the ministerial officer of the State Court to furnish the party seeking a removal a copy of the record, on tender of the legal fees, is a misdemeanor. The act, of itself, furnishes the party seeking removal with adequate remedies to make it effectual, if the Federal court shall be of the opinion that the right to remove exists. It is far better that these remedies, given by the statute creating the right claimed, should be pursued, than that extraordinary remedies, intended only to prevent a failure of justice, should be allowed. For the same reasons, a *mandamus* ought not to be awarded.—High's Ex. Leg. Rem. § 584.

We do not enter on the consideration of any other questions which are, or may be supposed to be, involved. The rule *nisi*, heretofore awarded, must be vacated, and the petition dismissed.