(82 South. 8) ;

**ANDERS et al. v. LINDSEY, Judge, et al.**

(8 Div. 167.)

(Supreme Court of Alabama.    April 10, 1919.
Rehearing Denied May 22, 1919.)

1. PROHIBITION ⊜3(3)—REMEDY BY APPEAL.

Where the jurisdiction of an inferior court, having jurisdiction of unlawful detainer suits as to the land in question, had actually attached in such a suit, the questions whether the court could properly substitute the papers and proceedings in a prior similar suit in the justice court, or whether the instant suit was an original suit instituted in the inferior court of the date of the filing of complaint and issuing summons, were questions of law and rules of evidence relating to substitution of papers, removal of proceedings, discontinuance, etc., erroneous rulings as to which gave defendants no right to writ of prohibition; the remedy being by appeal.

2. PROHIBITION ⊜3(2)—CORRECTION OF MISTAKES—CERTIORARI.

The writ of prohibition cannot be made to serve the purpose of the writ of certiorari to correct mistakes of the court as to questions of law or fact within the jurisdiction of such court.

3. PROHIBITION ⊜11—ERRORS.

If an inferior court rightfully has jurisdiction, and in its proceedings commits errors, prohibition is not the remedy for their correction.

4. PROHIBITION ⊜10(1) — WANT OR EXCESS OF JURISDICTION.

Prohibition is not a revisory writ, and should not be awarded unless the complaining party has been drawn ad aliunde examen into a jurisdiction or mode of procedure disallowed by the laws of the land, or where by handling matters clearly within their cognizance the inferior courts transcend the bounds prescribed to them by the law.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Petition for prohibition by James A. Anders and others against W. B. Lindsey, as Judge, and others. From judgment for defendants, plaintiffs appeal. Affirmed.

G. O. Chenault, of Albany, for appellants.

Sample & Kilpatrick, of Cullman, and Wert & Lynne, of Decatur, for appellees.

MAYFIELD, J.    Appellees sued appellants in unlawful detainer on February 28, 1911.    The action was begun in the justice of the peace court of beat 3, Morgan county, Ala.    Pending this action the defendants, appellants here, filed in the circuit court of Morgan county a petition to remove the cause from the justice court into the circuit court, to try title to land, thereby proceeding under section 4283 of the Code.    The

cause was so transferred to the circuit court, and a trial there had which resulted in a judgment for the defendants, appellants here.    From this judgment the plaintiffs appealed to this court, which appeal was dismissed because the circuit court never acquired jurisdiction, and hence the judgment appealed from was void and would not support an appeal.    See report of appeal Sandlin v. Anders, 200 Ala. 153, 75 South. 901.    This judgment of dismissal was dated June 7, 1917.

On December 17, 1917, at the motion of plaintiffs, the proceeding in the circuit court of Morgan county was dismissed, with direction to return the papers in the cause to the justice court, and that "said court may proceed to hear and determine the cause."

In March, 1918, the plaintiffs brought suit in the inferior court of Hartselle against the same defendants, the appellants here, as for unlawful detainer of the same lands as those described in the justice court; and a summons was issued to appellants to appear as defendants in that suit.

It appears that the office of justice of the peace had become vacant, but that beat 3 of that county adjoined Hartselle, or the beat in which the town is located, and that the inferior court of Hartselle had jurisdiction and right of venue as to parties and subject-matters of said beat 3.    Defendants appeared specially in the inferior court, and pleaded to the jurisdiction of the court on the ground that the court had no jurisdiction because the land was in beat 3; and the parties resided in that beat.    This plea, on motion of plaintiffs, was stricken.    They then made special appearance and moved for a discontinuance.

The plaintiffs had alleged that all the papers in the justice court were lost, and they sought to establish copies thereof and to establish the papers, or copies thereof, in the inferior court.    In other words, plaintiffs attempted to have this proceeding in the inferior court made a mere continuance of the prosecution begun in the justice court in 1911.    The defendants moved to strike these copies of the proceedings from the justice court, and objected to the inferior court proceeding further with the cause.    The inferior court overruled defendants' motion, and set the cause for hearing on a future date.

Before the arrival of this date set for trial, defendants applied to the circuit court of Morgan county for a writ of prohibition, enjoining the judge of the inferior court, Judge W. B. Lindsey, from proceeding further with the trial of the cause.    The preliminary writ issued, but on final hearing to show cause the circuit court denied the petition for prohibition, and dismissed the application, and

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from that judgment this appeal is prosecuted.

[1] If the inferior court had jurisdiction of the subject-matter and parties, the circuit court ruled correctly; if it did not have jurisdiction of the subject-matter or suit, then the ruling was erroneous.

There seems to be no dispute that the inferior court has jurisdiction of unlawful detainer suits, and under the facts not disputed had jurisdiction and right of venue as to such suits as to lands situated in beat 3 of Morgan county.

The record shows affirmatively that the jurisdiction of the court had attached, and that it could proceed to judgment as to the lands involved. Whether or not it could properly substitute the papers and proceedings in the justice court, so as to make this suit a mere continuation of the original suit in the justice court, or whether this is an original suit instituted in the inferior court of the date of the filing of the complaint and the issuing of the summons, are, and were when raised, questions of law and rules of evidence relating to substitution of papers, removal of proceedings, discontinuances, etc.; and the mere fact that the court should rule erroneously as to all of them gives no right to the writ of prohibition. They could each and all be reviewed on appeal, and hence the circuit court ruled correctly in denying the application.

We do not mean to intimate that the proceeding in the justice court is or can be thus removed into the inferior court, or that the lost papers have been, or can be, properly substituted in the inferior court, or that there has or has not been a discontinuance of the original suit in the justice court. Nor do we mean to intimate what effect a discontinuance of the suit in the justice court would have on this suit.

What we do decide is that the record shows that the inferior court acquired jurisdiction by the filing of a complaint, and exercised it by the issuance of a summons; and this whether there was or was not then pending a similar suit in the justice court, whether it was discontinued or not discontinued; whether the proceeding, if pending, could or could not be transferred to the inferior court. The court acquired jurisdiction, and its actions as to all these matters could be reviewed on appeal.

[2] The writ of prohibition cannot be made to serve the purpose of the writ of certiorari to correct mistakes of the court, as to questions of law or fact within the jurisdiction of such court. Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601; Ex parte Gordon. 104 U. S. 515, 26 L. Ed. 814.

[3] If the inferior court rightfully has jurisdiction, and in its proceedings commits error, prohibition is not the remedy for their correction. Ex parte Morgan Smith, 23 Ala. 94; Ex parte Greene & Graham, 29 Ala. 52; Ex parte Smith, 34 Ala. 455.

[4] Prohibition is not a revisory writ, and should not be awarded unless the complaining party has been drawn ad aliunde examen into a jurisdiction or mode of procedure disallowed by the laws of the land, or where by handling matters clearly within their cognizance the inferior courts transcend the bonds prescribed to them by the law. Ex parte Boothe, 64 Ala. 312; Ex parte Roundtree, 51 Ala. 42; Ex parte State, 51 Ala. 60; Ex parte Hamilton, 51 Ala. 62; Ex parte Brown, 58 Ala. 536; Ex parte M. & O. R. R. Co., 63 Ala. 349; Atkins v. Siddons, 66 Ala. 453.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.