162 So. 670

## Ex parte COX.

### 6 Div. 737.

Supreme Court of Alabama.
March 21, 1935.

Application for Rehearing Withdrawn July 27, 1935.

Hugh A. Locke and Frank M. James, both of Birmingham, for petitioner.

FOSTER, Justice.

This petition shows that the suit is within the ordinary jurisdiction of the circuit court; that a motion was made in it to determine whether defendant had such interest in the property levied on as that it was subject to levy by attachment. That court heard and determined that defendant did have such interest. It had the power and jurisdiction to do so. This petition is virtually an effort to review that ruling.

In the case of Anders' v. Lindsey, 203 Ala. 48, 82 So. 8, this court observed:

"The writ of prohibition cannot be made to serve the purpose of the writ of certiorari to correct mistakes of the court, as to questions of law or fact within the jurisdiction of such court. Smith v. Whitney, 116 U. S. 167, 6 S. Ct. 570, 29 L. Ed. 601; Ex parte Gordon, 104 U. S. 515, 26 L. Ed. 814.

"If the inferior court rightfully has jurisdiction, and in its proceedings commits error, prohibition is not the remedy for their correction. Ex parte Morgan Smith, 23 Ala. 94; Ex parte Greene & Graham, 29 Ala. 52; Ex parte Smith, 34 Ala. 455.

"Prohibition is not a revisory writ, and should not be awarded unless the complaining party has been drawn ad aliunde examen into a jurisdiction or mode of procedure disallowed by the laws of the land, or where by handling matters clearly within their cognizance the inferior courts transcend the bonds prescribed to them by the law. Ex parte Boothe, 64 Ala. 312; Ex parte Roundtree, 51 Ala. 42; Ex parte State, 51 Ala. 60; Ex parte Hamilton, 51 Ala. 62; Ex parte Brown, 58 Ala. 536; Ex parte M. & O. R. R. Co., 63 Ala. 349; Atkins v. Siddons, 66 Ala. 453." Ex parte Johnson, 203 Ala. 579, 84 So. 803; Goodwyn v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte A. C. L. R. R. Co., 198 Ala. 24, 73 So. 418; Hill v. Wittmeier, 209 Ala. 355, 96 So. 327; Ex parte Hamilton, 51 Ala. 62; Ex parte Greene, 29 Ala. 52.

It is our view that this petition seeks to review the ruling of the court by prohibition, and asks for no other relief, and since it is not thus available to her, the rule nisi is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.