# Ramagnano *v.* Crook.

*Application for License to Retail Spirituous Liquors.*

1. *When appeal lies* —The general statute giving an appeal from "any final judgment, order or decree of the judge of probate" (Code, § 3640), does not embrace the refusal to grant a license to retail spirituous liquors, and there is no special statute giving an appeal from such refusal.

2. *Mandamus to probate judge.*—This court will not grant a peremptory *mandamus* to a probate judge, when there has been no intermediate application to the Circuit Court, even when a rule *nisi* is waived by the respondent.

3. *Same; in matter of refusing license to retail spirituous liquors.* When the record shows that a local election has been held in the county, to test the sense of the people on the question of prohibiting the sale of spirituous liquors, which resulted in favor of prohibition, and that notice of the result had been published as required by the local law, but was not perfected when the petitioner filed his application for a license; this court will not grant a peremptory *mandamus* to compel the issue of the license as prayed, thereby deciding on the validity of the law, and of the proceedings held under it.

Appeal from the Probate Court of Calhoun.

Heard before the Hon. Emmet F. Crook.

The petitioner and appellant in this case, John Ramagnano, filed his petition in the office of the probate judge of said county, on the 8th January, 1890, for a license to retail spirituous liquors in Jacksonville; and it was admitted that he had complied with all the requirements of the general

[Ramagnano v. Crook.]

statute regulating the granting of such licenses. Judge Crook refused to grant the license, because an election had been held in the county under the provisions of the local statute approved December 7th, 1886, and resulted in favor of prohibition. Notice of the result of the election had been published in some of the newspapers of the county, but not in all, as required by said local statute.—*Toole v. State, ante,* p. 158, where the provisions of the law are fully set out. It was shown, also, that notice had again been published, in all of the county newspapers, on the 27th December, 1889, after the decision of the case above cited; but the thirty days required by said local statute had not expired when the petition in this case was filed. The petitioner excepted to the refusal of the judge to grant him a license, and he here assigns it as error.

JOHN H. CALDWELL, for appellant.

BROTHERS, WILLETT & WILLETT, *contra.*

PER CURIAM.—The statute allows no appeal from the action of a probate judge refusing to grant a license to retail spirituous liquors, and hence, if this be regarded as a direct appeal from such order of refusal, as in form it appears to be, it must be dismissed.

The case is not covered by section 3640 of the Code (1886), which allows an appeal to this court from "any final decree of the court of probate, or from any *final* judgment, order or decree of the judge of probate." An order refusing to grant a license, whether the act be the exercise of a ministerial or *quasi*-judicial function, would no more be a final order or decree than a like refusal to approve the bond of an officer would be. It is no such adjudication of the right involved as would be a bar to a subsequent renewal of the same application, by the same person, on the same state of facts; and this is the test of a final decree. It could be re-considered at any time, without regard to the act of previous refusal. This has, heretofore, been the universally accepted interpretation of this section of the Code, in the practice before this court.

So the case is equally bad for want of jurisdiction, if we regard the proceeding as an application for a peremptory writ of *mandamus,* to issue directly from this court to the probate judge of Calhoun county, to compel him to issue

[Ramagnano v. Crook.]

such license, the issue of a rule *nisi* being expressly waived by the respondent. We have decided, that we will not grant a *mandamus* from this court to a probate judge in the first instance. The application must be first presented to the Circuit Court, or other court of commensurate jurisdiction, and be refused by that tribunal, before the supervisory action of this court can be invoked. The petitioner having failed to make any application whatever to that court for relief, we must decline to entertain his petition here.—*Ex parte Pearson*, 76 Ala. 521; *Pinney v. Williams*, 69 Ala. 311.

There is another ground which would also justify the refusal of a peremptory writ, such as is sought by the petitioner. The record shows that the popular vote had been taken in Calhoun county, under the provisions of the act of December 8th, 1886 (Acts 1886-87, pp. 671-673), relating to the local prohibition of the liquor traffic in that county, and that a majority of the voters were in favor of such prohibitory measure. This act provides that, in such event, it shall be the duty of the probate judge to record the result in his office, and to "give notice for thirty days, by publication in all the newspapers published in the county, that a majority of the qualified voters, who voted at such election, voted for prohibition." This notice is shown by the record to have been inserted in all the newspapers published in Calhoun county, on December 27th, 1889, and was in process of being perfected at the time the case was decided by the probate judge. At this time—January 30th, 1890—when this opinion is promulgated, it is fair to infer that the requisite notice has been completed. Under these circumstances, if we had jurisdiction of the case, we should decline to issue a peremptory *mandamus*, the effect of which would be to pronounce on the constitutional validity of the law, in advance of a proper case being before us justifying such a decision. The only motion we would be disposed to entertain would be one for an alternative writ, or rule *nisi*, to enable the applicant to test the regularity and legal validity of the proceedings seeking to put the law into operation. On this subject it would be improper for us to express any opinion, until a case involving the point comes regularly before us for our consideration.

The application is, accordingly, dismissed,