# *Ex parte* Giles.

## *Application for Mandamus.*

1. *Mandamus; Supreme Court has no jurisdiction to issue mandamus directed to board of registrars.*—The Supreme Court has no original jurisdiction to issue a writ of *mandamus* directed to the board of registrars of a county, to compel such board to register the petitioner as an elector; such board of registrars not being one of the jurisdictions which the Supreme Court can, under the constitution (Constitution 1901, § 140), control by original writs.

The facts of the case are sufficiently stated in the opinion.

WILFORD H. SMITH, for petitioner.

McCLELLAN, C. J.—This application is *sui generis.* It is a petition filed originally in this court for a writ of *mandamus* to compel the board of registrars of Montgomery county to register the petitioner as an elector. The Supreme Court has no jurisdiction of the proceeding. It is not appellate jurisdiction that is invoked, and the matter is not within the very limited original jurisdiction of this court "to issue writs of injunction, *habeas corpus, quo warranto,* and such other remedial and original writs as may be necessary to give a general superintendence and control of inferior jurisdictions."—Const. 1901, § 140. A board of registrars is not one of the "jurisdictions" which this court may control by original writs. And if it were, yet it can never be "necessary" for this court to control such board by any original writ, since whatever writs may under any circumstances be proper or necessary to be issued in superintendence and control of these boards may be and can only be issued by *nisi prius* courts—the circuit courts or other courts of like jurisdiction. Therefore it is that if the petitioner is entitled to the writ he here prays, a question we do not consider, his petition should be addressed to and presented in the circuit court of Montgomery county or the Montgomery city court.—Code, §§ 2825-2833 and 3826.

Rule *nisi* denied.