# *Ex parte* Watters, *et al.*

## *Mandamus.*

(Decided April 8, 1913. 61 South. 904.)

1. *Mandamus; Issuance; Scope.*—While mandamus lies only to compel action when the matter is properly presented for decision before an officer charged in that regard, and he refuses to hear and determine it, and does not lie to compel judicial action, yet if an order, judgment or decree is made which is not subject to revision by appeal or other revisory remedy, and it is erorneous working injury to the complaining party who has no other adequate legal remedy, mandamus will issue.

[Ex parte Watters, et al.]

2. *Same.*—Whether mandamus will be issued to review a ruling of the trial court depends on whether the remedy by appeal is adequate to prevent undue injury. rather than the availability merely of the remedy by appeal.

3. *Same; Pleading; Amendments.*—The erroneous refusal of the trial court to allow an amendment to a complaint may be corrected by mandamus, but the erroneous allowance of an amendment to the complaint cannot be reviewed by such a writ.

4. *Same; Right to Writ.*—Mandamus is the proper remedy to enforce a clear legal right, the allowance of which is a matter of peremptory duty, and not of judicial discretion; if the right claimed invokes and constitutes the exercise of judgment of the court on the merits of the claim or issue presented for action, the propriety of the writ must be determined for each particular case on the merits.

5. *Same; Presentation; Review.*—In order to review in this court by mandamus rulings on motions in an election contest, such rulings and motions must be made a part of the record by bill of exceptions; mere ex parte recitals of a petition being insufficient.

6. *Appeal and Error; Review; Bill of Exceptions.*—Motion by which judicial action is invoked during the progress of the cause, and rulings made thereon, are not parts of the record proper, nor can they be made so by being incorporated therein, and can only be reviewed in this court when made a part of the proceedings by bill of exceptions.

7. *Same.*—Although a motion entered in writing on the motion docket may be enrolled by an order of the court, and thereby be made a part of the record proper, such enrollment would only render its incorporation in the bill of exceptions for review unnecessary, and would not dispense with the necessity of such bill of exceptions for the authentication of other essential incidents.

Original petition in the Supreme Court.

Application by J. T. Watters and others, for writ of mandamus to review certain interlocutory rulings and orders made by the judge of the Law and Equity Court of Mobile, in an election contest proceedings. Writ denied.

D. B. COBBS, for appellant. Appeals are of statutory origin, and if the statute gives no remedy, there is none. —155 Ala. 218. The right of contest of a municipal election is given only by section 1168, Code 1907. The right of appeal from the law and equity court is to be determined by the provisions of section 2837, Code 1907. —153 Ala. 674. The right to make the amendment

sought is clear as ineligibility is a statutory ground of contest.—Acts 1911, p. 330; 160 Ala. 232; 54 Ala. 210; 153 Ala. 654; 55 South. 885; 55 South. 628; sec. 5367, Code 1907; 114 Ala. 669. The matter of amending contests of elections stands upon the same footing as amendments in other cases, and where a ground was first omitted altogether, it could not be added after the date for filing the contest had expired.—*Black v. Pate*, 130 Ala. 526; *Pearson v. Alverson*, 160 Ala. 267. The rule is different, however, as to amending a defectively stated ground.—*Ex parte Shepherd*, 55 South. 628, and authorities supra.

GREGORY L. & H. T. SMITH, for appellee. Mandamus will not lie to correct any matter which may be corrected upon an appeal from a final judgment.—*Ex parte Merritt*, 142 Ala. 162; *Ex parte Dickens*, 162 Ala. 28; *Ex parte Smith*, 168 Ala. 180. There can be no question but what an appeal will lie in this case from a final judgment rendered by the Law and Equity Court of Mobile.—Sec. 476, Code 1907; sec. 19, acts 1907, p. 562. Counsel discuss the application on its merits with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

SOMERVILLE, J.—The petitioner applies to this court for a writ of mandamus or certiorari for the purpose of reviewing certain interlocutory rulings and orders of the judge of the law and equity court of Mobile made in the progress of a proceeding in that court for the contest of an election for city commissioner of Mobile.

Specifically, the petitioner seeks (1) to vacate several orders of the trial court granting the contestee's motions to dismiss certain parts or grounds of the state-

ment of contest because of their legal insufficiency; (2) to set aside certain oral orders of the trial court refusing to allow petitioner to amend various portions of the statement of contest; and (3) to compel the allowance by the trial judge of the several amendments alleged to have been refused to petitioner.

The petition shows that the petitioner, as contestant in that proceeding, separately excepted to each of the several rulings complained of, and that the trial court "granted contestant's motions to enroll said written motions, and to make part of the record the oral motions, rulings thereon, and exceptions thereto."

It is elementary law that mandamus "does not lie to control judicial action; it never issues to direct a judicial officer how to act, or what conclusion to reach upon a judicial question, but only to compel some action when a matter is presented for decision before an officer charged in that regard, and he refuses to hear and determine it."—*Ex parte Jones,* 94 Ala. 33, 10 South. 429; *Ramagnano v. Crook,* 85 Ala. 226, 3 South. 845; *Dunbar v. Frazer,* 78 Ala. 538. This general rule is, however, subject to well-settled exceptions. "If an order, or judgment, or decree, is made or rendered which is not the subject of revision by appeal, or other revisory remedy, and yet is erroneous, working injury to the party complaining, and there be no other legal remedy adequate to the correction of the error and the prevention of the injury, mandamus will be awarded; but the writ will not be granted, when full and adequate relief can be had by appeal, writ of error, or otherwise." —*Ex parte Woodruff,* 123 Ala. 99, 26 South. 509; *Wilson v. Duncan,* 114 Ala. 659, 21 South. 1017; *Ex parte Tower Mfg. Co.,* 103 Ala. 415, 15 South. 836; *Ex parte Hays,* 92 Ala. 120, 9 South. 156.

In the revision and correction of erroneous interlocutory action in inferior courts, the lines of limitation upon the use of this remedy have been rather loosely drawn by this court; and the adequacy of the remedy by appeal for the *prevention of undue injury,* rather than the availability merely of appeal, seems to be the prevailing test.—*First Nat. Bank v. Chevey,* 120 Ala. 117, 121, 23 South. 733.

Where the right sought to be enforced is a clear, legal right, the allowance of which is a matter of peremptory duty and not of judicial discretion, there can be but little of doubt or difficulty in determining the propriety of the remedy by mandamus. On the other hand, where the right claimed necessarily invokes an exercise of the judgment of the court upon the merit of the claim or issue as presented for action, it is evident that the propriety of the writ must be determined for each case upon its own peculiar merit.

On the principle above stated it is settled by precedent in this state that the erroneous refusal of the trial court to allow an amendmant to the complaint may be corrected by mandamus.—*Ex parte Sullivan,* 106 Ala. 80, 17 South. 387. But not the erroneous allowance of an amendment. —*Ex parte S. & N. A. R. R. Co.,* 65 Ala. 599. The basis for this distinction, if there be any, must be found in the varying degrees of injury to be apprehended from the respective errors, each being equally redressible on appeal.

With respect to the petition here exhibited the point is made by respondent that it is not supported by any bill of exceptions, and that the rulings and orders complained of, not being any part of the record proper, and not having been made so by bill of exceptions, are not properly presented to this court and cannot be reviewed.

It is thoroughly well settled that motions of all sorts by which judicial action is invoked during the progress of a cause, and the rulings thereon when they are overruled, are not parts of the record proper, and their incorporation therein does not make them such. It is also equally well settled that such rulings cannot be reviewed by this court on appeal unless such motions and orders, and the incidents or evidence upon which they are based, together with the exceptions taken thereto by the complaining party, are made matters of record by their incorporation in a bill of exceptions duly signed by the trial judge.

This rule has been repeatedly applied to the review of motions to strike pleadings from the file, and motions to amend the pleadings.—*Randall v. Wadsworth,* 130 Ala. 633, 638, 31 South. 555; *Commissioners' Court v. State ex rel. So. Ry. Co.,* 146 Ala. 439, 41 South. 463, and cases cited; *So. Ry. Co. v. Pogue,* 145 Ala. 444, 40 South. 565.

The rule is by no means a mere technicality, but is founded upon inherent necessity, and is sanctioned by universal experience.

When it is sought to review and correct such rulings by mandamus, the proceeding is merely an emergency substitute for an appeal, and in fact accomplishes with greater expedition the same result, viz., the correction of judicial error. No reason can be suggested why such judicial action can be reviewed on appeal only upon a bill of exceptions, and yet on mandamus may be reviewed upon the ex parte recitals of a mere petition. And, indeed, it has been expressly held, that, upon a mandamus petition to review the alleged erroneous judicial action of an inferior court, the petitioner must reserve a bill of exceptions, in the absence of which the case is not properly presented for the consid-

eration of this court, even though the respondent admit by his answer the verity of the facts recited.—*Ex parte Smith,* 69 Ala. 528; followed in *Ex parte Blalock,* 115 Ala. 692, 22 South. 998.

It does not appear that the order of enrollment, set out in the petition and quoted above, has ever been executed, and there is no authentication of any such matters as records by the clerk of the court, and not even of the order of enrollment itself. Moreover, while it is true that a motion entered in writing upon the motion docket may be enrolled by an order of the court and thereby made a part of the record proper (*Waring v. Gilbert,* 25 Ala. 295; *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251), this would only render *its* incorporation in the bill of exceptions unnecessary, and would not dispense with the necessity of a bill of exceptions for the authentication of other essential incidents.

For these reasons, we are constrained to decline to entertain the petition, and it will be dismissed.

Petition dismissed. All the Justices concur, except DOWDELL, C. J., not sitting.