# Goodwin, Judge, *v.* McConnell.

## *Prohibition.*

(Decided June 11, 1914.  65 South. 788.)

1. *Prohibition; Nature.*—A writ of prohibition is never available against a lawful tribunal except to prevent the judge or court from proceeding in a matter in which he has no jurisdiction, or from transcending the limits by which such jurisdiction is circumscribed.

2. *Same.*—Prohibition will not be granted in any case where the complaining party may effectively invoke some other legal remedy; the sole inquiry being, has the inferior tribunal assumed to act in the matter or on the rights of a party which may not be determined or proceeded against in that forum.

3. *Same; Condemnation Proceedings; Right to Writ.*—Counties being authorized to institute proceedings to condemn lands for road purposes by the commissioner's court, (Sections 5765-5771, Code 1907) and the probate court having been given jurisdiction of proceedings by the county for such purpose (section 3860, Code 1907) the jurisdiction of the probate court to proceed in a condemnation proceeding instituted by a road supervisor as provided by Local Acts 1911, p. 244, being invoked, the question of the constitutionality of the local act could not be determined on a writ of prohibition.

APPEAL from Fayette Circuit Court.

Heard before Hon. J. J. CURTIS.

Petition by D. O. McConnell, as citizen and taxpayer of Fayette County, for a writ of prohibition against E. P. Goodwin, as Judge of Probate in said county, to prevent the said Goodwin as such judge from proceeding to hear and determine a certain proceeding for the condemnation of petitioner's land for a county public road. From a judgment granting the writ, respondent appeals. Reversed and rendered.

The right to the writ is rested upon the allegation that the condemnation proceedings in question were instituted under Local Acts 1911, p. 240, which is alleged to be unconstitutional and void in so far as it seeks to give the road supervisor of Fayette county the right and authority to condemn lands for road purposes; and that the road supervisor is proceeding to condemn said lands without the authority or consent of the commissioners' court of Fayette county. So much of said act referred to is as follows:

"Section 7.   *   *   *   With the consent and advice of the road commission, such supervisor may   *   *   * secure or accept by donation or lease or purchase, or may proceed by condemnation in the name of Fayette county, Ala., under the laws of condemnation proceedings in the state   *   *   *   all necessary rights of way for roads and bridges."

The act as a whole creates a road commission and a road supervisor, and vests in them the full power and authority over public roads and bridges which is given to courts of county commissioners under the general laws; provides a more or less complete system and regulations for highway construction and improvement; and authorizes and directs a special tax of not exceeding one-fourth of 1 per cent. for these purposes.

It appears from the exhibits attached to the petition that the petition was filed for condemnation   in   the

name of Fayette county by W. P. Boone, road supervisor. The petitioner here demurred to the original petition for condemnation because the act referred to herein is unconstitutional and void; and because it is void and gives no authority to condemn land for a public road by the road supervisor. The demurrers were overruled, and several special pleas setting up the incompetency of the probate judge to try the case were stricken from the files.

RAY & COONER, for appellant. The judge was proceeding under the general law and was not exceeding or usurping jurisdiction even if the local act was void.— §§ 5773-5776, Code 1907. No provision of the Constitution is hinted at which is violated by said local act.— 8 Cyc. 800. The petition was not verified as required by law, and did not invoke the action of the court.—§ 4846, Code 1907; *Ex parte Carlisle,* 118 Ala. 176; *Burgess v. Martin,* 111 Ala. 656; 87 Ala. 465; 34 Ala. 611; 27 Ala. 623. Counsel cite authority as to the constitutionality of the statue, but it is not deemed necessary to here set it out. The writ of prohibition is not the proper method of testing the question.—*Ex parte Roundtree,* 51 Ala. 51; *Ex parte Brown,* 58 Ala. 536; 16 Enc. P. & P. 1110, et seq.

GUNN & POWELL, for appellee. The local act was void for being unconstitutional, and the writ of prohibition was proper to prevent an illegal proceeding in an illegal matter.—*Ex parte Boothe,* 64 Ala. 317; *B. R. & E. Co. v. B. T. Co.,* 121 Ala. 475. Prohibition may be used to test the constitutionality of the statute.—*Ex parte Roundtree,* 51 Ala. 42; 6 A. & E. Ann. Cas. 982; 127 Mass. 50. Counsel discuss the constitutionality of the local act with citation of authority in support of

their contention, which is not deemed necessary to be here set out.

SOMERVILLE, J.—The writ of prohibition is a drastic remedy and can be resorted to against a lawful tribunal only to prevent the judge or the court from proceeding in a matter of which it has no jurisdiction; or, when the court, having jurisdiction for a particular purpose, transcends the limits by which it is circumscribed.—*Ex parte Brown*, 58 Ala. 536; *Ex parte Roundtree*, 51 Ala. 42, 51.

The writ is not favored in any case where the party complaining may effectively invoke some other remedy provided by law.—*Ex parte Peterson*, 33 Ala. 76; 32 Cyc. 613, D. The sole inquiry is: "Has the inferior tribunal assumed to act upon a matter, or upon the rights of a party, that could not be determined, or proceeded against in that forum?"—*Ex parte Greene*, 29 Ala. 52, 58.

"If the court is one of established jurisdiction, a plea that the subject-matter of a particular suit lies without its jurisdiction, or that the party is not amenable to its cognizance, will ordinarily afford full relief."—*Ex parte Roundtree*, 51 Ala. 51.

The petitioner does not deny the right of Fayette county to condemn land for a public road. This right is conferred by section 145, Code of 1907. Nor does he deny the jurisdiction of the probate court in a proceeding by the county for that purpose. This jurisdiction is conferred by section 3860, Code of 1907.

It is his theory, however, that the probate judge is necessarily proceeding only under the authority of the local act; that the act is void; and hence that a proceeding in the name of Fayette county, which is not authorized by the court of county commissioners, does not invoke the jurisdiction of the probate court.

But the local act does not attempt to confer any new right of eminent domain. It merely authorizes the road commissioner and supervisor to determine upon and initiate the proceeding under the general statutes to condemn for and in the name of the county—a power residing under the general statutes in the court of county commissioners.—Sections 5765, 6771, Code of 1907.

Conceding therefore, for the purpose of this case, that the local act is unconstitutional and void—a point which we do not decide—the probate court was nevertheless clothed with full power and authority under the general statutes to entertain the proceeding to condemn petitioner's land at the suit of the county, and to render judgment thereon. It had jurisdiction of the general subject-matter, of the particular land, and of petitioner himself. The only question is whether the suit was instituted by the authority of the plaintiff county, a question which may arise in any suit, and which can be and ought to be presented to the trial court itself by an appropriate motion or plea on the part of the defendant.

Such a case does not demand, and the law does not therefor afford, the extreme remedy of prohibitive interference by a superior court. A plea in abatement, or a motion to stay the proceeding, in the nature of a plea in abatement, would have presented the question for determination by the probate court, and if the decision had been adverse to the defendant, and the remedy by appeal were inadequate (see *Ex parte Montgomery L. & T. Co., infra,* 65 South. 403), he might and should have resorted to the writ of mandamus to compel the proper action by the probate court (*Ex parte Watters,* 180 Ala. 523, 61 South. 904).

It is to be noted that in *Ex parte Montgomery L. & T. Co., supra,* the writ of prohibition was granted because the property sought to be condemned, was not

in law subject to condemnation, and hence the court was without jurisdiction to proceed thereto; and, further, because, for the reasons therein pointed out, the defendant's remedy by appeal was not adequate for the protection of his rights.

Here there is neither absence nor excess of jurisdiction, and prohibition is not the proper remedy.

It results that the order of the circuit judge granting the rule nisi was erroneous, and will be set aside; and an order will be here made denying to petitioner the relief prayed for.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.