# Prayter *v.* Northen, *et al.*

### Assumpsit and Mandamus.

(Decided November 4, 1915.   70 South. 156.)

1. **Corporations; Service; Foreign Corporation; Statutes.**—Section 5306, Code 1907, operates in addition to § 5303, Code 1907, and does not repeal it, and service upon the cashier of the state agency of a foreign corporation is good under § 5303, Code 1907, although such corporation has designated another as its agent in this state.

2. **Same.**—The fact that the cashier of the agency was served as treasurer of the corporation, and that preliminary proof taken by the court before entering a default judgment against the corporation showed that the cashier was its treasurer, was immaterial, since taken either way he was an officer of the corporation, expressly designated by § 5303, Code 1907, as one upon whom service could lawfully be had.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Tallie Prayter against C. S. Northen and another. From a judgment granting new trial to defendant Studebaker Corporation of America, in said action, plaintiff appeals, with petition for mandamus to set aside such judgment granting new trial and reinstate the former judgment. Writ granted.

The appellant obtained a judgment by default in the circuit court of Jefferson county against C. S. Northen and the Studebaker Corporation of America, on March 24, 1913. On April 23, 1913, a motion was filed in behalf of the Studebaker Corporation to set aside the judgment on the ground of surprise and

mistake with respect to the defense of the suit, and further that there was no valid service of the summons and complaint on defendant corporation. After several continuances, this motion was argued and submitted on May 24, 1913, and while under advisement was withdrawn by the movant. On June 20, 1913, a petition was filed by defendant corporation, under the four months' statute, praying for a rehearing on the grounds, substantially, that the summons and complaint were served on J. H. Hardman as treasurer of defendant corporation, whereas, he was not treasurer, but a mere employee thereof; and that said corporation had its duly designated agent, one O. C. Reid, upon whom service should have been made. The petition further charges that the proof of Hardman's relation to the corpora- was false, and renders the judgment a fraud on defendant; that defendant had no knowledge thereof; that the judgment is excessive and unconscionable; and that defendant has a good defense to the suit. On January 23, 1914, the court overruled plaintiff's demurrers and granted the petition by setting aside the verdict and judgment and ordering a new trial. Plaintiff took an appeal with bill of exception, and files an alternate petition for a writ of mandamus to the trial judge to compel the vacation of the judgment and order granting a new trial to defendant, and to compel the reinstatement of the judgment rendered by defendant on March 24, 1913.

W. A. DENSON, and HUNDLEY & HUNT, for appellant. CHARLES A. CALHOUN, for appellee.

SOMERVILLE, J.—It is clear that the mistake, if any, which prevented the defendant corporation from defending the suit in which the plaintiff recovered this judgment, was due either to simple neglect on the part of the corporation, or its representative intrusted therewith, or else to a deliberate speculation upon the assumed invalidity of the service of process on Hardman, as treasurer of the corporation. The evidence not only does not show that the defendant corporation was free from fault, but affirmatively shows very culpable neglect in looking after the defense of the suit—assuming, of course, that service of process had been made on its agent as authorized by law. The only real questions in the case, therefore, are whether Hardman was in

fact such an agent of the corporation as could be served with process so as to bind the corporation, and whether the judgment entry properly shows that fact.

The sheriff's return was: "Executed this the 20th day of November, 1912, on Studebaker Corporation of America, a body corporate, by leaving a copy of within with J. M. Hardman, treasurer of said company."

The judgment entry contains this recital: "The defendants being called came not, but made default, and it appearing to the court that a copy of the summons and complaint in this cause was served on J. H. Hardman, and satisfactory proof being made to the court that J. H. Hardman was, at the time of such service, treasurer of said corporation at Birmingham, Ala.," etc.

On the hearing of the petition for a new trial it appeared that J. H. Hardman was cashier for the local branch of the defendant corporation at Birmingham, Ala., and that O. C. Reid had been duly designated as its authorized agent under section 3642 of the Code.

(1) Section 5303 of the Code provides: "When the suit is against a corporation the summons may be executed by the delivery of a copy of the summons and complaint to the president or other head thereof, secretary, cashier, station agent, or any other agent thereof."

Section 5306 of the Code, which was enacted long after section 5303, provides: "When a foreign corporation has filed an instrument in writing designating one or more agents in this state as provided by this Code, process issuing against such foreign corporation may be served upon any agent so designated. * * * * "

This contention of the defendant corporation is that by the enactment of section 5306 the Legislature has provided a method of service upon foreign corporations which is exclusive, and which by necessary implication limits the application of section 5303 to domestic corporations only.

This contention is clearly unsound. Section 5306 is cumulative merely, and its plain purpose is to enable plaintiffs in domestic courts to bring foreign corporations to the bar by serving process upon a designated agent as to whose capacity for that purpose there can be no doubt or controversy. It enlarges, not restricts, the pre-existing provisions of section 5303. It is

13—195

[Clanton Bank v. Robinson.]

permissive and not mandatory, and to hold that it repeals section 5303 as to service on foreign corporations would do violence to every principle of statutory construction known to the law. This view is conclusively settled by the analogous decision of this court in *Eagle Life Ass'n v. Redden,* 121 Ala. 346, 25 South. 779.

(2) It is of no consequence that the record shows that Hardman was served as treasurer, and that the preliminary proof taken by the court showed that he was treasurer; while he was, in fact, as the undisputed evidence here shows, the cashier of defendant, in either case he was an officer or agent expressly designated by the statute as one upon whom service could be lawfully made. The doctrine of variance can have no application to such a case.

We can discover in this record no ground upon which the action of the circuit judge can be sustained. It results that the prayer of the petitioner must be granted, and a writ of mandamus will issue to the trial judge, as prayed, directing him to vacate and annul the judgment and order of January 3, 1914, and to reinstate in full force and effect the judgment rendered for plaintiff against the defendants on March 24, 1913.

Writ granted.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.