186 So. 475

**GLAZNER v. JENKINS, Judge.**

**6 Div. 427.**

Supreme Court of Alabama.

Dec. 22, 1938.

Rehearing Denied Feb. 16, 1939.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellant.

Lange, Simpson & Brantley and James O. Haley, all of Birmingham, for appellee.

## ANDERSON, Chief Justice.

This is an appeal from a final judgment of the Presiding Judge of the Circuit Court denying a writ of prohibition against W. A. Jenkins, Judge of the Intermediate Court, after rule nisi issued to him and his acceptance of service and the judgment so rendered by Judge Thompson was final and appealable. Sections 8978 and 8980 of the Code of 1923; Wyker, Treasurer, etc. v. Francis, 120 Ala. 509, 24 So. 895; Mt. Vernon-Woodberry Cotton Duck Co. v. Alabama Interstate Power Co., 240 U.S. 30, 36 S.Ct. 234, 60 L.Ed. 507.

It is unquestionably the law that the first court which acquires jurisdiction of the same cause of action between the same parties should proceed with it to a final disposition and cannot be deprived of this authority or duty to do so by a subsequent suit in another court of concurrent jurisdiction and the second court will, under proper conditions, be prohibited from proceeding with the cause. Ex parte Ella Burch, 236 Ala. 662, 184 So. 694, and cases cited.

It also seems to be well settled, and is conceded by counsel here, that the second suit is subject to abatement when properly attacked. The petitioner, appellant here, interposed a plea in abatement with Judge Jenkins of the Intermediate Civil Court and which was decided adversely to him and a correct decision either way would, in effect, avoid the necessity for or the right to a writ of prohibition. If the plea was sustained, that removed any need to resort to a writ of prohibition and, if erroneously denied, the ruling upon same could have been reviewed upon appeal or by the writ of mandamus. Having adopted the adequate method of testing the jurisdiction of the court over the second suit, it should have been pursued rather than abandoning same and resorting to the drastic writ of prohibition. Goodwin v. McConnell, 187 Ala. 431, 65 So. 788. The writ of prohibition is a preventive rather than a corrective remedy. Ex parte Roundtree, 51 Ala. 42, 51. Nor can it be resorted to except in the absence of other adequate remedies. The circuit court did not err in denying the writ of prohibition.

True, the petition to the circuit court, while primarily for a writ of prohibition, has a general prayer and, if it be treated as a mandamus calling on the circuit court to review the ruling of Judge Jenkins on the plea in abatement, there is nothing presented to the circuit court or this court to put his ruling in error as he may have found that the second suit was not included or involved in the first suit.

Section 8981 of the Code of 1923 provides for and contemplates a bill of exceptions upon appeals under Chapter 316, section 8978 et seq., of the Code of 1923.

The judgment of the circuit court is accordingly affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.