189 So. 726

**J. BLACH & SONS, Inc., v. HAWKINS, Probate Judge.**

**6 Div. 482.**

Supreme Court of Alabama.

April 27, 1939.

Rehearing Denied June 22, 1939.

Horace C. Wilkinson, of Birmingham, for appellant.

H. H. Sullinger and G. H. Bumgardner, all of Bessemer, for appellee.

**174**

ANDERSON, Chief Justice.

This is an appeal from the judgment of the Circuit Court denying the appellant's writ of prohibition to the Probate Judge of Jefferson County to prevent the rendition of a judgment in a condemnation proceeding by the City of Bessemer to condemn a right of way over the appellant's lands for the purpose of constructing wires to obtain and conduct electricity to its municipal plant.

The contention is that the Probate Court was without or exceeding its jurisdiction to, condemn the land in question because the City of Bessemer did not, by its petition, charge or show the right of authority to condemn the land for the purpose set forth.

Reliance is first had that the City had the authority under the Carmichael Act, Extra Session 1933, No. 107, page 100.

It is sufficient to say that the body of this act does not authorize the condemnation of a right of way outside of the municipality. It merely gives the right to acquire which may be by purchase or gift and is not equivalent to the right to condemn. Claremont Ry. & Lighting Co. v. Putney, 73 N. H. 431, 62 A. 727; Cavanagh v. Boston, 139 Mass. 426, 1 N.E. 834, 52 Am.Rep. 716; Paris Mountain Water Co. v. City of Greenville, 105 S.C. 180, 89 S.E. 669.

Moreover, the title to the act indicates the right to condemn only "electric light plants, power plants, power lines, transmission lines and power distributing systems" and not the right of way like the one in question, and to hold that the body of the act authorized the condemnation of said right of way would probably render the act repugnant to Section 45 of the Constitution under the influence of Lindsay v. United States Savings & Loan Association et al., 120 Ala. 156, 24 So. 171, 42 L.R.A. 783. When an act is susceptible of two constructions, one of which would render it offensive to the Constitution and the other would not, the construction most favorable to the Constitution should be given though the less natural one. State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 So. 441, 686, 135 Am.St.Rep. 79.

Therefore, the authority must be given by some other statute and the ones relied upon by the appellee's counsel give no such authority, the nearest one being the Carmichael Act, No. 105, Extra Session 1933, page 99. Said Act reads as follows:

"An Act to authorize cities, towns and municipalities to construct, lease, purchase or otherwise acquire power lines for the transmission of electricity from any point in this State or any other State for the purpose of serving its citizens, and granting the right of eminent domain to such municipalities.

"Be it enacted by the Legislature of Alabama:

"Section 1. Cities, towns and other municipalities in this state are authorized to construct, lease purchase or otherwise acquire power lines for the transmission of electricity from any point in this State or any other State to said city or other municipality for the purpose of *serving the needs of its citizens.* [Italics supplied.]

"Section 2. For the purposes of this Act Cities and municipalities may exercise the right of eminent domain in acquiring title to land for right of ways, power stations and other purposes necessary to the operation of said transmission lines. Such eminent domain proceedings shall be conducted in the manner now provided by law.

"Approved April 6, 1933."

It must be observed that the act gives this right to condemn land for a right of way from any points for the purpose of transmitting electricity to said city or other municipality for the *"purpose of serving the needs of its citizens."* (Italics supplied).

■ The petition in the probate court for condemnation seems to studiously avoid averring that the power was to be transmitted for the purpose of serving "the needs of its citizens," a defect pointed out by the 14th ground of demurrer which was erroneously overruled and which said averment was essential to show the municipality's right to condemn the land in question and to give the probate court jurisdiction. The petition does aver that the power to be transmitted was for the purpose of serving "its municipal light and power system," but that is not synonymous with serving its citizens.

■ The petition should disclose the specific purpose to which it is intended to devote the land. Brown v. Rome & Decatur Railroad Company, 86 Ala. 206, 5 So. 195; McCulley v. Cunningham, 96 Ala. 583, 11 So. 694; London v. Sample Lumber Co., 91 Ala. 606, 8 So. 281.

■ It is well settled by the decisions of this and practically all of the courts that statutes conferring the right of eminent domain must be strictly construed in favor of the land owner. Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897; Sloss-Sheffield Steel & Iron Co. v. O'Rear et al., 200 Ala. 291, 76 So. 57; Denson v. Alabama Polytechnic Institute, 220 Ala. 433, 126 So. 133.

The Carmichael Act, Extra Session 1933, page 100, was considered in the recent case of Birmingham Electric Co. v. City of Bessemer, Ala.Sup., 186 So. 569,[1] but the constitutionality of same was not raised or considered. Nor was the right of eminent domain or the condemnation proceedings involved in it or the Greene case, City of Montgomery v. Greene, 180 Ala. 322, 60 So. 900, there cited.

■ It is questionable, however, if the appellant was entitled to the writ of prohibition for the reason that some other legal remedy could have been invoked to test the right of condemnation before the rendition of a final decree by the probate court as pointed out in Goodwin, Judge v. McConnell, 187 Ala. 431, 65 So. 788, and Glazner v. Jenkins, Judge, Ala.Sup., 186 So. 475.[2] The petition for the writ of prohibition contains a general prayer and as the appellant had no right of appeal from the interlocutory order of the probate court on the demurrer to the petition, he had the right to test the ruling by mandamus as pointed out in the cases supra, and Ex parte Watters, et al., 180 Ala. 523, 61 So. 904.

There is an apparent conflict between the Goodwin case, supra, and the case in the same report of Ex parte Montgomery Light & Traction Company, 187 Ala. 376, 65 So. 403, which seems not to have been observed in the Goodwin case, supra. In the Montgomery case, supra, prohibition was awarded because the property was not subject to condemnation and the owner had no adequate remedy by appeal, evidently overlooking the fact that he had the right to invoke other legal remedy instead of prohibition as laid down in the Goodwin case, supra. The Montgomery case, supra, is therefore explained and qualified and the Goodwin case, supra, which has been frequently cited and followed, must be invoked in the case at bar. Glazner v. Jenkins,

[1] 237 Ala. 240.    [2] 237 Ala. 262.

Judge, Ala.Sup., 186 So. 475;[2] Ex parte Cox, 230 Ala. 656, 162 So. 670; State v. Grayson, 220 Ala. 12, 24, 123 So. 573; Ex parte Wilkinson, 220 Ala. 529, 533, 126 So. 102.

 The appellant's petition to the Circuit Court made out a case for the award of the writ of mandamus to correct the action of the probate court in overruling the demurrer to the petition for condemnation especially ground 14. The Circuit Court erred in dismissing appellant's petition and the judgment of said Circuit Court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.

