11 So.2d 359

**Ex parte BARGER.**

6 Div. 90.

Supreme Court of Alabama.

Dec. 22, 1942.

Rehearing Denied Jan. 28, 1943.

628

Walter S. Smith, of Birmingham, for petitioner.

C. H. Peay, of Birmingham, for respondent.

GARDNER, Chief Justice.

This is an original petition in this Court seeking the issuance of a mandamus writ against the Judge of the Intermediate Civil Court of Birmingham for the purpose of reviewing a ruling in that court sustaining demurrer to petitioner's plea in abatement filed by him as defendant in a cause pending in said court.

This Intermediate Court was established by local act in 1935. Local Acts, 1935, p. 219. The jurisdiction as to amount is limited to three hundred dollars, and appeal authorized to be taken to the Circuit Court of the County. § 8, Local Acts, supra. Likewise certiorari. § 21.

With certain well defined exceptions the jurisdiction of this Court, under § 140, Constitution, 1901, is appellate only, and many of our cases have discussed this jurisdictional question. Some of them are referred to in Ex parte Pearson, 76 Ala. 521, where it was observed:

"In Ex parte Russell, 29 Ala. 717, which is the leading case, it was held, that this court will not, in the first instance, award a prohibition to the Probate Court, and that application must be first made to the Circuit Court. It was said: 'The Circuit Court of Sumter is invested with authority to exercise a general superintendence over all inferior jurisdictions "in that county; and may, therefore, issue the writ of prohibition, if the petitioner shows that he is entitled to it. If that court, upon a proper application, refuses to interfere, or if it takes jurisdiction, and mistakes

the 'law," it will then be sufficiently early for a resort to this court.' "

In the recent case of Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 7 So.2d 303, 306, 141 A.L.R. 87, this jurisdictional limitation is recognized and the several authorities are noted. Some of the members of the Court were of the opinion that under Ex parte Pearson, supra, and authorities therein noted there should be no exception recognized. But the view of the majority of the Court may be summarized by the following excerpt from the opinion: "But the rule observed elsewhere with a similar provision of the constitution seems to be that the higher court will not take jurisdiction where the application can be made to a lower court, unless for special reasons complete justice cannot otherwise be done, as where the case is of more than ordinary magnitude and importance to prevent a denial of justice or where no application can be made to the lower court in time to prevent the consummation of the alleged wrong."

Of course no such ground for exception exists in this case. We recognized in this latter case also that this Court, "can only act within the jurisdiction conferred by law, and this cannot be enlarged by waiver or the consent of the parties."

It follows therefore, that petition should first have been presented to the Circuit Court, and an appeal could then be prosecuted from any adverse ruling.

Counsel for petitioner has cited in his brief the case of Glazner v. Jenkins, 237 Ala. 262, 186 So. 475, where such was the procedure there followed. It results that in our opinion the petition is mistakenly here presented, and as a jurisdictional question is involved it will be dismissed ex mero motu.

It is so ordered.

Petition dismissed.

BOULDIN, FOSTER, and LAWSON, JJ., concur.