23 So.2d 714

**DENSON v. BOARD OF TRUSTEES OF UNIVERSITY OF ALABAMA.**

**6 Div. 358.**

Supreme Court of Alabama.

Nov. 1, 1945.

Rehearing Denied Nov. 29, 1945.

Benners, Burr, Stokely & McKamy, Borden Burr, and Frontis H. Moore, all of Birmingham, for appellee.

Paine Denson, of Birmingham, for appellant-petitioner.

GARDNER, Chief Justice.

The submission is upon motion to dismiss the appeal taken from an order of the probate court in a condemnation proceeding. The motion is rested upon the theory that no appeal is provided direct from the probate court to this Court in condemnation proceedings under our present statutory system.

■ The case of Birmingham Ry. & Elec. Co. v. Birmingham Traction Co., 128 Ala. 110, 29 So. 187, found cited under Sec. 7, Title 19, Code 1940, is illustrative of the rule obtaining prior to the amendment of the statute. But the statute has been materially changed since the rendition of that decision, and the history of this change is found fully stated in the recent case of City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305, and needs no repetition here. The only right of appeal now provided by statute in cases of this character is to the circuit court. The statute authorizing appeals in condemnation proceedings from the probate court is to be found in Sec. 17, Title 19, Code 1940, and this appeal is to the circuit Court. In addition to the case of City of Birmingham v. Brown, supra, this question of right of appeal in condemnation proceedings was treated in Mobile & B. R. Co. v. Louisville & N. R. Co., 192 Ala. 136, 68 So. 905, 906, wherein it is pointed out that under the Code of 1907 "every appeal from the probate court is to the circuit court, or court of like jurisdiction." Considering, therefore, the full treatment of this question in the recent case of City of Birmingham v. Brown, supra, we think further discussion is unnecessary, as it is clear enough, under our prevailing statutory system the motion to dismiss the appeal is due to be sustained.

■■ But appellant, anticipating a holding that an appeal would not lie, seeks in the alternative a review of the order of the probate court by writ of mandamus. But, as held in Christopher v. Stewart, 133 Ala. 348, 32 So. 11, 13, "the probate court is subject to mandamus from the circuit court and other courts of like jurisdiction, and for that reason, without regard to any other, the writ cannot be granted here." See also Ramagnano v. Crook, 88 Ala. 450, 7 So. 247. And in the recent case of Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87, it was observed that this Court, in its general superintendence and control of inferior jurisdictions, does not issue supervisory writs if there is any court inferior to this Court which possesses the authority to afford the petitioner relief as ample as this Court could grant. In such circumstances, the petition should be made to the inferior court, with the power in this Court to review its judgment in the manner provided by law. The exception to this general rule therein stated has no application to the instant case. And the case of Ex parte Barger, 243 Ala. 627, 11 So.2d 359, re-affirms the holding of these authorities.

If, therefore, appellant would seek relief by way of writ of mandamus, the appropriate court to which application should be made is the Circuit Court of Jefferson County. This was the recognized method pursued in J. Blach & Sons, Inc. v. Hawkins, 238 Ala. 172, 189 So. 726.

We have carefully examined the authorities cited by appellant (Foshee v. State, 210 Ala. 155, 97 So. 565; Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Goodwin v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte Watters, 180 Ala. 523, 61 So. 904; Glazner v. Jenkins, 237 Ala. 262, 186 So. 475; Ex parte City of Bessemer, 240 Ala. 52, 197 So. 20; Rowe v. Bonneau-Jeter Hdw. Co., 245 Ala. 326, 333, 16 So.2d 689; DeMoville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704; Prayter v. Northen, 195 Ala. 191, 70 So. 156; Burgess v. Lasby, 94 Mont. 534, 24 P.2d 147), but we are unable to find that any of them in any manner run counter to the principle announced in Christopher v. Stewart, supra; Ramagnano v. Crook, supra; and Ex parte Textile Products Corporation, supra, which cases amply sustain the conclusion here reached. The application, therefore, for the alternative writ must be denied.

The conclusion here reached renders wholly unnecessary the consideraton of the matter of establishing the bill of exceptions, a continuance for the hearing of which was sought and granted upon the argument and submission of this cause.

It results, therefore, that the appeal will be dismissed and the alternative writ of mandamus denied.

Appeal dismissed. Writ denied.

All the justices concur, except THOMAS and LAWSON, JJ., not sitting.