243 So.2d 376

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Freddie G. BARROW.**

**I Div. 16.**

Court of Civil Appeals of Alabama.

Jan. 13, 1971.

James D. Brooks, Geary A. Gaston, Mobile, for appellant.

Herbert P. Feibelman, Jr., Mobile, for appellee.

**394**

WRIGHT, Judge.

Plaintiff below, hereinafter referred to as appellee, filed suit in assumpsit against defendant, hereinafter referred to as appellant, in the Circuit Court of Mobile County. The suit contained two counts for recovery of money due under a policy of insurance purchased by appellee from appellant. Count 1 was for loss due to theft. Count 2 was for transportation expenses incurred.

Upon trial, verdict and judgment was for appellee and against appellant in the amount of $2,788.00. Motion for new trial was denied and appeal was taken.

Appellee's evidence was that she purchased an automobile in June, 1968, and purchased a policy of insurance thereon from appellant. Included in risks covered in the policy was what is commonly referred to as "comprehensive." This provided payment for loss by theft of the entire automobile. In addition, in event of loss by theft, the insured was to be reimbursed for transportation expense, not exceeding $8.00 per day, incurred during the period starting seventy-two hours after report of theft to the company, and ending when the company offered settlement for the theft. The transportation expense was in addition to the limit of liability for the theft.

The policy further provided as follows:

"Limits of Liability—Settlement Options—Coverages D, D–50, F & G. The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace such property with other of like kind and quality, less depreciation and deductible amount applicable * * *"

On the night of June 27, 1968, appellee's automobile was parked at her apartment. It was locked and appellee had the key. On the morning of June 28, 1968, when appellee started to drive the car to work she noted that it was unlocked, scratched, had black material on the exterior, with dirt and sand in the interior. It was not parked as she had left it the prior evening. The air conditioner appeared loose and other damage appeared. She was able to start it but could not drive it away. It was appellee's opinion, from her observation of the automobile's appearance and mileage, that someone had driven it during the night and damaged it. She notified the police and appellant's agent that it had been stolen.

Appellee was unable to contact appellant's agent from whom she purchased the policy of insurance for some two weeks, as he was on military training duty. When contacted, appellant's agent directed appellee to take the car to a Ford dealer for the purpose of securing an estimate of damage done to it. The agent informed her there was coverage under the policy.

The car was inspected by mechanics at the Treadwell Ford shop and it was estimated that an amount of $593.53 would be required to place the car in good condition. This estimate was not limited to damage done specifically while the car was out of appellee's possession, but merely to repairs deemed necessary, from a somewhat superficial inspection, to put it in good repair. Appellee was informed by the inspector that it would require a tearing

down of the motor to determine if there was damage to the transmission. This would require her paying $100 for the tearing down.

Appellee did not authorize such work and the car remained at Treadwell for approximately five weeks. Appellee and appellant came to no agreement as to settlement of the loss. Appellee finally removed the car and her father had repairs made so that she could use it.

During the time she was without the car appellee used other transportation, including the hiring of a rental car at $10 per day, with a total rental cost of $210.00. There was no direct evidence of other transportation expense incurred, nor the total number of days that appellee was without use of the car.

After making certain repairs, which appellee stated in her opinion were necessary because of damage done during the theft, she drove the car and owned it at the time of trial. Some of the repairs claimed necessary due to the theft were made some five months later while appellee was on a trip in the car to Arkansas.

Certain expert testimony by witnesses for appellant was to the effect that they could not determine from their examination what damages arose from the alleged theft, and that certain defects noted by them could not have arisen by the car being driven some forty to ninety miles on the night of the alleged theft. There was no evidence of the fair and reasonable value of the insured automobile before or after the alleged theft. The only evidence of repairs made was by appellee, and it was only her opinion that the repairs were made necessary by damages resulting from the alleged theft.

The first assignment of error is that appellant's motion to quash service should have been granted.

■ Appellant is a non-resident corporation authorized to do business in Alabama.

It does business by numerous agents throughout the State. The statutes pertaining to service of a suit upon such a corporation are Title 7, Sections 188 and 192, Code of Alabama 1940. These two sections are cumulative and service in accordance with either is permissible and sufficient. Prayter v. Northen, et al., 195 Ala. 191, 70 So. 156; Eagle Life Ass'n v. Redden, 121 Ala. 346, 25 So. 779.

The return of the sheriff of Mobile County on the summons appears as follows:

"Received 26 day of August, 1968 and on 29 day of August, 1968, I served a copy of the within C/S on State Farm Mutual Automobile Insurance Co., a Corp., by service on Mr. Harris, Claims Mgr.
"RAY D. BRIDGES, SHERIFF
By /s/ R. DIEGAN    · D.S."

It is clear from the return that service was performed under Title 7, Section 188, which reads as follows:

"*How corporation served.*—When an action at law is against a corporation the summons may be executed by the delivery of a copy of the summons and complaint to the president, or other head thereof, secretary, cashier, station agent or any other agent thereof. The return of the officer executing the summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact and authorize judgment by default or otherwise without further proof of such agency and this fact need not be recited in the judgment entry."

■ We think the return sufficiently indicates compliance with the provision of the statute, in that it shows prima facie service upon an agent of appellant designated by name and position. Any agent of the corporation who is acting within the line and scope of his agency may be served by authority of the statute. Harrub et al. v. Hy-Trous Corp., 249 Ala. 414, 31 So.

2d 567. There was no error in denying the motion to quash.

■ Assignment of error 2 is addressed to the admission into evidence of certain bills for repairs made to appellee's automobile after the theft. These bills were allowed in evidence over objection by appellant. Appellant's objection was that these repairs were not shown to have been made necessary by damage done due to the theft. Such objection was well taken at the time. However, on further cross-examination, appellant solicited and received the opinion of appellee, that the repairs were made necessary due to damage caused by the theft. Having, subsequent to its objection, by its own cross-examination, supplied the necessary connecting link for admissibility, appellant cannot now complain of the prior ruling of the court.

Assignment of error 3 is not argued in brief and is thus waived. Supreme Court Rule 9.

Assignment of error 4 is directed to the admission into evidence of a bill from the car rental agency, in the amount of $210.-00. The bill indicated it was based upon a charge of $10.00 per day. It was shown that appellee had rented the car during the time her own car was at Treadwell Ford. The bill was offered and admitted under Count Two of the complaint.

■ We have previously stated that the policy provided for payment to insured of an amount not to exceed $8.00 per day for transportation expenses incurred after theft of the insured vehicle. The bill was admissible for the purpose of showing that transportation expenses had been incurred in an amount of $8.00 or more per day for a certain number of days. The court in its oral charge informed the jury that if they determined that transportation expenses had been incurred by appellee as a result of a theft of her car, that they could not award her more than $8.00 per day for such period as they determined. There was no error here.

Assignment of error 5 is the refusal to give, at the request of appellant, the following written charge:

"The court charges you that if you believe the evidence in this case, you cannot return a verdict in favor of the plaintiff against the defendant."

Appellant in argument presents several reasons why the charge was due to be given. It is first contended that there was no evidence that the cost of repairs claimed under Count 1 were reasonable or that the expenses claimed under Count 2 were reasonable.

We agree that the record is devoid of any showing that the cost of repairs to appellee's car was reasonable. Neither was it shown that the amounts of the bills represented the cost to repair or replace with other property of like kind and quality less depreciation. Neither was there any proper evidence of the actual cash value of the parts damaged, or the difference in the actual cash value of the car before the theft and the actual cash value after the theft. These are the measurements of loss under the provisions of the policy set out hereinabove.

■ Each count of the complaint is an action to recover in contract and the amount recoverable is determined by the provisions of the contract. There is a difference in proof of amount recoverable than that in a tort action. The requirement of proof of reasonableness of amounts spent by plaintiff is not present here. The required proof is that loss arose by the theft of appellee's vehicle; that payment due for such loss be determined by actual cost of replacement or repair with property of like kind and quality, less depreciation or actual cash value as of the time of loss.

The required proof as to Count 2 is that a loss occurred from theft, or one of the risks covered; that as a result thereof insured was caused to incur transportation expense; that such expense was in some amount per day, but not more than $8.00

per day. Great American Ins. Co. v. Railroad Furniture Salvage, 276 Ala. 394, 162 So.2d 488.

The rule that where one has incurred expense as a result of another's actionable wrong, only damage may be recovered as is reasonable and proper under the circumstances, is applicable to many forms of action, but not in the instant case. That rule is found in the case of Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211.

■ In passing we might note the record does not disclose that appellant made any objection to admission of evidence of damages on the ground that their reasonableness had not been shown, or that after admission, motion was made to exclude on that ground. Such action is considered necessary to place the trial court in error. Foodtown Stores, Inc. v. Patterson, supra.

Appellant, in further argument that the requested charge 6 should have been given, contends that appellee failed to prove a theft of her automobile. This contention is also without merit.

■■ Without reviewing evidence previously set out, we hold that there was sufficient evidence to present to the jury for its determination of the question of whether there was a theft. In the absence of specific definition of terms contained in a policy, they are to be considered as of common usage, and ordinarily whether or not an automobile has been stolen within the meaning of the policy, is a question of fact for the jury. Couch on Insurance 2d Sec. 42:282; Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393; Bankers Fire & Marine Ins. Co. v. Terry, 35 Ala.App. 233, 45 So.2d 324.

The remaining assignments of error relate in general to the denial of appellant's motion for new trial. The motion for new trial set out as separate grounds that the verdict of the jury was contrary to the evidence, the law, and was excessive.

■ After indulging all presumptions in favor of the correctness of the jury's verdict, and the strength added thereto by the court's overruling the motion for new trial, our review of the evidence compels us to the point of view that the verdict of the jury is contrary to the evidence, the law, and is so excessive as to indicate unusual bias and prejudice against appellant. For all of these reasons the judgment of the court below on verdict and on motion for new trial must be reversed and the cause remanded for a new trial.

The verdict of the jury was general and in the amount of $2788.00. The counts of the complaint sought recovery under the terms of the policy for the loss to appellee for the theft of her car and for transportation expense incurred while without the use of her car. The maximum for such expense provided in the policy was $8.00 per day. Thus, the amount recoverable under both counts of the complaint was the loss due to theft, plus transportation expense incurred, not more than $8.00 per day.

The insured vehicle was taken while parked one night, apparently driven some forty to ninety miles; was returned to the place where taken, and was there when appellee started to work the following morning. The car had been purchased by appellee some two months before as a used car at a price of $1528.90. It was repaired several times under a 30-day sales warranty, such repairs including the installation of a reconditioned transmission. Some evidence of loss from the theft was an estimate made by a Ford dealer of an amount of $593.53. This estimate was not based upon damages resulting from the theft, but only as to necessities to place in good repair. In fact, the maker of the estimate testified that it was his opinion that the major items covered by the estimate would not have resulted from a brief hard-driving of the car overnight, but resulted from longtime use and disrepair. The only other evidence of damage caused

by the theft was certain repairs made by appellee over the period of five to six months following the theft, which she stated in her opinion, resulted from the theft. These repairs came to a total of $240.05.

Thus, the only evidence, assuming for the purpose of this opinion that it was properly for consideration before the jury as to actual loss under count 1, was a total of $833.58.

The only evidence of actual transportation expense incurred under count 2 was the car rental bill of $210.00. This bill represented rental of a car for twenty-one days at $10.00 per day. Under the policy a maximum of $8.00 per day was recoverable. Thus, recovery under the evidence of this bill was the amount of $168.00. No other evidence of transportation expense incurred was presented by appellee.

 It is the apparent position of appellee that even though she had possession of the vehicle, and did operate it except for a period of some seven weeks while she waited for the agent to return home from military duty, and while it was at Treadwell Ford, she is entitled to recover $8.00 per day up until time of suit. This position is presumably taken because appellant never made offer of settlement. If this is her argument, and was the basis of any of the verdict of the jury, it is clearly incorrect.

If appellee incurred no transportation expense as a result of the theft, she obviously would not be entitled to recover any sum under that provision of the policy though appellant never made offer of settlement. There is nothing ambiguous in the policy on that point. It is only common sense.

Thus, it is clear that from the most liberal consideration of the evidence presented, the maximum amount recoverable under the combination of the two counts would be $833.58, plus $168.00, or a total of $1001.58. We do not intend to infer by this calculation and statement that these sums should be considered admissible as

evidence at another trial if proper and timely objection is made.

Our opinion herein is founded upon the rule that the award of damages cannot be made upon mere speculation, and the plaintiff has the burden of offering evidence tending to show to the required degree the amount of damages alleged suffered. Great American Ins. Co. v. Railroad Furniture Salvage, supra; 7 Ala. Dig., Damages, Key 163(4).

The verdict and judgment in this case is an excellent example of the result of a jury rendering a verdict upon insufficient and speculative evidence.

Reversed and remanded.