Cecil Tubbs petitions this Court for a writ of mandamus directed to Perry Hand in his capacity as director of the Alabama Highway Department ("Department"). Tubbs seeks to compel Hand to direct the state comptroller to pay a sum awarded to Tubbs by the Alabama Board of Adjustment ("Board").
Tubbs's claim against the Department stems from a traffic accident that occurred on Christmas Eve 1987 and that claimed the life of his daughter, Karen Lee. Tubbs alleged that his daughter's death was caused by the Department's failure to install guardrails along certain portions of Alabama Highway 18. Following an evidentiary hearing in November 1989, the Board ordered the Department to pay Tubbs $130,000. The Department refused to comply with the Board's order and filed with the Board a "motion to set aside award." However, because the rules of the Board do not provide for such a remedy, the Board formally dismissed the Department's motion. The Department still refuses to pay Tubbs, and he has filed this petition.
Obviously, the primary issue raised in the petition is whether a writ of mandamus should issue to compel Hand to direct the comptroller to pay the amount of the claim. However, because we find that original jurisdiction *Page 1302 
for Tubbs's petition is not proper with this Court, we do not reach the merits of the issue raised in the petition.
Initially, we note that the question of jurisdiction is always fundamental. State v. Albritton, 251 Ala. 422,37 So.2d 640 (1948).
 "It would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself; hence the question of jurisdiction is a question of primary importance in every case, and, if there is an absence of jurisdiction over the subject-matter, this ends the inquiry; it cannot be waived or supplied by consent."
Albritton, 251 Ala. at 424-25, 37 So.2d at 642-43, quotingWilkinson v. Henry, 221 Ala. 254, 128 So. 362, 364 (1930). (Citations omitted.)
Article IV, § 140, Ala. Const. of 1901, mandates that this Court shall have
 "appellate jurisdiction only, . . . provided, that the supreme court shall have power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions."
See also Ala. Const. of 1901, amend. 328; § 12-2-7, Ala. Code 1975. This Court can act only within the jurisdiction conferred by law, and that jurisdiction cannot be enlarged by waiver or by the consent of the parties. Ex parte Alabama Textile Prod.Corp., 242 Ala. 609, 7 So.2d 303 (1942).
Our research on the question whether this Court may exercise jurisdiction over an original petition for a writ of mandamus has revealed few cases to guide us in our analysis. However, one case that we find instructive is Ex parte Giles, 133 Ala. 211,32 So. 167 (1902). In that case, the Court was faced with the issue of whether it had proper jurisdiction to issue a writ of mandamus to the board of registrars of a county to compel the board to register the petitioner as an elector. The petition in Giles was filed originally in the Supreme Court. In denying the petition, the Giles Court held:
 "The Supreme Court has no jurisdiction of the proceeding. It is not appellate jurisdiction that is invoked, and the matter is not within the very limited original jurisdiction of this court. . . . A board of registrars is not one of the 'jurisdictions' which this court may control by original writs. And if it were, . . . it can never be 'necessary' for this court to control such board by any original writ, since whatever writs may under any circumstances be proper or necessary to be issued in superintendence and control of these boards may be and can only be issued by . . . the circuit courts or other courts of like jurisdiction."
133 Ala. at 212, 32 So. at 167.
In a later case, Ex parte Barger, 243 Ala. 627, 11 So.2d 359
(1942), this Court held that where a petition for the writ of mandamus can be made to a lower court, this Court will not take jurisdiction of an original application unless, for special reasons, complete justice cannot otherwise be done. See also Exparte Alabama Textile Prod. Corp., supra. Here, however, there are no special circumstances that warrant our taking jurisdiction of this original petition.
Although Tubbs argues that because of our recent decision inEx parte Houston County Bd. of Educ., 562 So.2d 513 (Ala. 1990), the Montgomery Circuit Court is without jurisdiction to entertain his petition, a close reading of Houston County Bd.of Educ., reveals that that case has no bearing on the issue of where jurisdiction for Tubbs's petition properly resides. In that case, the issue presented was whether a circuit court has subject matter jurisdiction to review cases in which the Alabama Board of Adjustment has made a determination regarding the State's liability. This Court concluded that the circuit court was without jurisdiction to hear such cases because decisions by the Board of Adjustment are not subject to judicial review. Ex parte Houston County Bd. of Educ., supra. *Page 1303 
In the present case, Tubbs is not seeking judicial review of the Board's decision; rather, he is seeking to compel the Department to comply with the Board's finding. Therefore, we conclude that the Houston County Bd. of Educ. holding does not function to divest the circuit court of jurisdiction over Tubbs's mandamus proceeding. Because we hold that original jurisdiction for Tubbs's petition for the writ of mandamus is proper in the circuit court rather than in this Court, we conclude that his petition is due to be dismissed.
WRIT DISMISSED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.